The Mayor and Aldermen of the City of Savannah *et al. v.* Weed *et al.*

The legislature or municipal authorities may classify all subjects of taxation exclusive of property, and may tax or exempt any or all such classes, with a uniform rate upon the whole of each class taxed. Taxation on property must be upon all not exempted in the constitution, with a uniform rate upon all kinds. An ordinance imposing one rate upon realty, another on one kind of personalty and a third on another kind, is void.

(*a*) Whether injunction is the proper remedy to resist the collection by execution of a tax laid under such an ordinance—query.

March 14, 1890.

Injunction. Taxation. Municipal corporations. Constitutional law. Practice. Before Judge Falligant. Chatham superior court. December term, 1889.

Reported in the decision.

S. B. Adams and Chisholm, Erwin & duBignon, for plaintiffs in error.

O'Connor & O'Byrne, *contra.*

Simmons, Justice.

Weed *et al.*, by petition, complained that the marshal of Savannah had levied upon a lot of land belonging to them in that city an execution for the fourth quarter's tax due by them upon two lots of land, under the tax ordinance of the city. This ordinance was passed by the municipal corporation on December 22d, 1888, and imposed a tax of two and one eighth per cent. upon real estate within the corporate limits, and of one-half of one per cent. upon all personal property, except shares in banks and banking associations, upon which

a tax of only three tenths of one per cent. was imposed. This tax ordinance the petitioners alleged to be illegal and void, because it violated the provisions of article 7, section 2, paragraph 1 of the constitution. Code, §5181. They prayed, among other things, that an *ad interim* injunction might issue against the municipal corporation and the marshal, enjoining them from proceeding to enforce the collection of the tax until the final determination of the cause. The defendants answered and insisted that the ordinance complained of and the execution mentioned in the petition were legal and valid. Upon the hearing, the trial judge granted the injunction. The mayor and aldermen excepted and assigned the same as error.

The learned and able counsel for the plaintiffs in error contended that this judgment was erroneous because, under the above section of the constitution, the municipal authorities of Savannah had the power and authority to classify the subjects of taxation, and to require a tax of a different rate upon realty from that required by them on personal property. They also contended that this clause of the constitution was borrowed from the constitution of Pennsylvania; that the construction put upon it by the courts of Pennsylvania is binding upon the courts of this State; and that the construction of the Supreme Court of Pennsylvania is that, under this clause of their constitution, the legislature has authority to classify property so that one species may be taxed more than another. We are inclined to think that if this clause had been wholly borrowed from the constitution of Pennsylvania, and the Supreme Court of that State had put this construction upon it before it was adopted into our constitution, we would be bound by that construction. But we do not agree with counsel that the clause under consideration was taken wholly from the Pennsylvania constitution. There are

qualifying words in the clause as it stands in our constitution, which in our opinion prohibit the legislature or a municipal council from classifying property as was done in this case, and which render its meaning entirely different from that of the Pennsylvania constitution. The constitution of Pennsylvania on this subject is as follows: "All taxes shall be uniform upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Our constitution upon this subject reads as follows: "All taxation shall be uniform upon the same class of subjects, and *ad valorem* on all property subject to be taxed, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." If our constitution were an exact copy of the Pennsylvania constitution upon this subject, we would most certainly agree with the learned counsel for the plaintiff in error, that property might be classified and different rates of taxation put upon it; but we think that when the framers of our constitution interjected into the clause the words "and *ad valorem* on.all property subject to be taxed," it was their intention that there should be no classification of property so that it might be taxed at different rates. Property is not the only subject of taxation. "Everything to which the legislative power extends may be the subject of taxation, whether it be person or property, or possession, franchise or privilege, or occupation or right." Cooley Taxation, p. 5. We think that this clause refers to subjects of taxation other than property, and means that if one kind of business, privilege, franchise, right, etc., is taxed, the tax shall be uniform upon all of that class. For instance, if liquor dealers are taxed, the tax as to all liquor dealers shall be uniform; if draymen are taxed for carrying on their business, the tax shall be uniform

as to all of that class; or if butchers, lawyers, physicians, dentists and photographers are taxed, the tax need not be the same upon all of these, but shall be uniform as to each one of these classes. Upon this subject see *Cutliff* v. *The Mayor, etc.*, 60 *Ga.* 597; *Shepperd* v. *The Commissioners*, 59 *Ga.* 535; *Davis* v. *The Mayor, etc.*, 64 *Ga.* 128. The legislature or municipal authorities are not bound to tax any occupation or business within their territorial limits, but when they undertake to tax one class of business or occupation, the same tax must be levied on all members of that class. We think the plain meaning of this clause of the constitution is, that the legislature or municipal authorities may classify all subjects of taxation, and make the tax uniform on each class. They can tax these classes or not as they see proper; they can tax one class and exempt the others; but when they do tax a particular class, the rate must be uniform as to all of that class. When, however, they come to deal with property, a different rule prevails. If property is taxed, all of it must be taxed except that exempted in the constitution. The legislature or municipal authorities can make no exemption as to property; it must be taxed, and taxed according to its value.* Though property is a subject of taxation, the constitution treats it as but one subject, and prescribes the rule of uniformity as to it by saying that all of it subject to be taxed shall be taxed *ad valorem.* And if it must be taxed, and taxed according to its value, we cannot see how it can be classified anew, and one rate put upon real estate, a lower rate upon personal property generally, and a still lower rate upon shares in banks and banking associations. If one man has a thousand dollars worth of personal property, and another a thousand dollars worth of real estate, and another a thousand dollars worth of shares in a banking company, it must bear the same rate of taxation. Each

must bear the same burden in support of the government which protects the owner and his property. This rule is equitable and just to all parties; and the rule prescribed by the ordinance of the city of Savannah is, in our opinion, inequitable and unjust. Under that ordinance, a man who owns a thousand dollars worth of real estate has to pay for the support of the government $21.25 ; the man who owns a thousand dollars worth of personal property other than bank stock has to pay $5, and the man who owns a thousand dollars worth of bank stock has to pay only $3. In our judgment, the words "*ad valorcm* on all property subject to be taxed" were embodied in this clause of the constitution for the express purpose of prohibiting such unjust and unequal taxation as this. We adopt in this decision that part of the opinion of the Chief Justice in the case of *Verdery* v. *The Village of Summerville*, 82 *Ga.* 138, which treats of the proper construction of this clause of our constitution; and for the reasons we have given above, and the reason assigned in that opinion, we affirm the judgment of the court below. We express no opinion as to injunction being the proper remedy in a case like this, as the point was not made and we were requested to affirm this judgment if we decided that the constitutional question made was against the plaintiffs in error.

*Judgment affirmed.*