## BECKETT v. MAYOR AND ALDERMEN OF SAVANNAH..

While an attorney at law who engages in the business of lending money is subject to a lawful municipal tax imposed upon all money-lenders, an ordinance which seeks to tax attorneys at law who lend money, without taxing other money-lenders, is violative of that provision of the constitution which requires that "all taxation shall be uniform upon the same class of subjects."

Argued April 29, — Decided May 30, 1903.

Certiorari. Before Judge Barrow. Chatham superior court. March 7, 1903.

*W. P. LaRoche*, for plaintiff in error.

*William Garrard*, by *William W. Osborne*, contra.

SIMMONS, C. J. Error is assigned on the judgment of the judge of the superior court of Chatham county, overruling a certiorari to the recorder's court of the City of Savannah. From the record it appears that the plaintiff in error was by the recorder found guilty of a violation of a city ordinance which is as follows: "Attorneys at law who advertise money to lend or in any other way engage in the business of money-lending, whether for clients or not, shall pay a tax of $75.00." One of the contentions of the accused, before the recorder and in the superior court, was that the ordinance was unconstitutional and invalid, in that it was violative of paragraph 1 of section 2 of article 7 of the constitution of Georgia, which provides that "all taxation shall be uniform upon the same class of subjects." The right of an attorney at law to practice his profession does not include the right to engage in another and independent business. If an attorney at law engages in the business of lending money, he is as much subject to taxation on such business as are other money-lenders who are not attorneys; and it may be competent for the Mayor and Aldermen of the City of Savannah to treat the advertising of money to lend as an offer to transact the business of money-lending, and to impose a tax on those who advertise money to lend or otherwise engage in the business of money-lending. Conceding that this is true and that the city authorities had this power, the ordinance under discussion is still illegal, for it does not use the power in a lawful manner. That the requirement of our constitution as to uniformity of taxation upon the same class of subjects refers to such a tax as this, see *Mayor of Savannah* v. *Weed*, 84 *Ga.* 683, 685. While an attorney at law who enages in a business not a part of his profession may be subject to a tax imposed upon all engaged in such business, he can not be taxed on such business merely because he is an attorney, and without taxing all others engaged in that business. A uniform tax might be imposed upon all money-lenders, and an attorney at law would be subject thereto; but attorneys who lend money can not be so taxed when other money-lenders are not. This court has repeatedly held that this kind of tax must be uniform upon all busi-

ness of the same class. *Mutual Reserve Asso.* v. *Augusta,* 109 *Ga.* 78, and cases cited. Such a tax can not be imposed upon certain particular persons engaged in a business without taxing others engaged in the same business. An attorney at law can not be required to pay a tax for lending money and to take out a license as a prerequisite to engaging in that business, when no similar burdens are imposed upon money-lenders who happen not to be attorneys at law. Such a classification of those who advertise money to lend or engage in the business of lending money is not natural, but arbitrary and unreasonable, and can not be upheld. The ordinance under which the plaintiff in error was convicted was clearly directed at those money-lenders who were also attorneys at law, and it did not embrace other lenders of money. The ordinance was unconstitutional and void, and should have been so held by the recorder, and it was error for the judge of the superior court to overrule the certiorari. Several other questions were raised, among them, that the case should have been dismissed by the recorder because the summons or charge was insufficient, that evidence was illegally admitted, and that there was no evidence to authorize the verdict. With these we do not deal, as the decision above made is controlling and fully disposes of the case.

*Judgment reversed.   By five Justices.*