## SAWTELL *et al. v.* CITY OF ATLANTA.

1. The ordinance of the City of Atlanta imposing a tax of a fixed amount upon all ice houses, ice manufacturers or agencies not employing more than five wagons for selling or delivery purposes, and for each additional wagon above the number of five an additional tax of $10, is not invalid upon the ground, (*a*) that it violates the constitutional provision that "all taxation shall be uniform upon the same class of subjects;" or (*b*) that it is placing a tax upon a mere incident of a business already taxed; or (*c*) that it amounts to double taxation.
2. The court below did not err in refusing the injunction as prayed.

OCTOBER 2, 1912.

Petition for injunction. Before Judge Bell. Fulton superior court. October 4, 1911.

*Payne & Jones,* for plaintiffs.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.

BECK, J. Sawtell and others, who are engaged in the manufacture and sale of ice within the incorporate limits of the City of Atlanta, brought their petition seeking to enjoin the city from issuing tax executions and enforcing the provisions of an ordinance undertaking to impose a license tax upon the ice houses or agencies using and employing more than five wagons for delivery or selling purposes. The ordinance is in the following language: "Ice houses or agencies using or employing not more than five wagons for selling or delivery purposes, no license to issue for less time than to June 30th, 1912, fifty dollars. Each additional wagon used for selling or delivery purposes, ten dollars. Ice manufacturers or agencies, each plant using or employing not more than five wagons for delivery purposes, no license to issue for less time than to June 30th, 1912, fifty dollars. Each additional wagon used for delivery or selling purposes, ten dollars. Ice wagons each selling or delivering ice, ten dollars."

No attack is made on the right of the city to impose the $50 license or occupation tax provided for in the ordinance, but it is insisted: that the tax of $10 for each additional wagon in excess of the five wagons is illegal, void, and unenforceable, and that the portion of the ordinance providing for the imposition of this tax of $10 for each wagon in excess of five is violative of paragraph 1, section 2, article 7 of the constitution of the State of Georgia, which provides that "all taxation shall be uniform upon the same class of subjects;" that the portion of the ordinance attacked as

void imposes upon petitioners a double tax; that the attempted classification by said ordinance for the purpose of taxation is arbitrary and unreasonable; and moreover, that the ordinance is illegal and void, for the reason that the maintenance and use of ice wagons for delivering ice by petitioners is a mere incident or method of conducting their ice business, and, there being no tax upon the business of delivering as a business, no power is conferred upon the city to require a license for the incidents of a business or the methods by which it is carried on. The court below refused the injunction prayed for.

Under the terms of an act of the General Assembly, approved August 21, 1906, entitled an act amending an act establishing a new charter for the City of Atlanta, etc., the City of Atlanta has authority to "require any person, firm, or corporation or company engaged in, prosecuting, or carrying on, or that may engage in, prosecute, or carry on any trade, business, calling, or avocation or profession, to register their names and business calling, avocation, or profession annually, and to require such person, company, or association to pay for such registration and for license to engage in, prosecute, or carry on such business, calling, or profession aforesaid, such fee, charge, or tax as said mayor and general council may deem expedient for the safety, benefit, convenience, and advantage of said city. Said tax, registration fee, or license herein provided for shall not exceed the sum of three hundred dollars." In the exercise of the authority thus conferred the mayor and general council of the City of Atlanta passed the ordinance set forth in the statement of facts. The effect of the ordinance complained of, which was passed in the exercise of the authority to classify different businesses and occupations for taxation, was to place ice houses and agencies, and ice manufacturers and agencies, in a class for the purpose of taxation, and to impose upon them under this classification an occupation tax. And the ordinance in its scope contained not only a provision for the taxation of these occupations after having classified them, but also a scheme for an ascending scale of taxation according to the amount of business done. While the ordinance does not provide for a rate of taxation ascending in exact proportion to the amount of business done, it does in effect fix the tax upon that basis, or one nearly approximating it. As a starting point, it fixes an ice house or an ice

factory, or agency employing not more than five wagons as the unit of taxation, and then, in effect, for each additional wagon employed in addition to the five, imposes an additional tax of $10. We can not see why the legislative body of the municipality could not have selected the ice house or ice factory employing five wagons or less as a unit for taxing this class of business, just as they could have selected an ice house or ice factory employing only one wagon for delivery purposes as a unit, and begun the ascending scale at that point for imposing an additional tax upon each wagon used. So far as this tax ordinance affects petitioners, it is not a tax upon wagons or vehicles employed in delivering, but is a tax upon the business upon a scale adjusted, in effect, to the amount of business carried on; and so considered, it is not an unreasonable plan of classification. In the case of *Johnston* v. *Macon, 62 Ga.* 645, it was held: "A tax on the business of drayage, scaled according to the number of drays employed and according to the capacity of the drays, whether one or two horse, is uniform; and whether the drays be employed in general business or be confined to the business of their owners and their customers in and about transporting goods to and from their stores, the legality of the tax is not affected. The wear and tear upon the streets and bridges is as great in the one as in the other case, and the consequent expense to the city of this business is equal." And in the case of *Goodwin* v. *Savannah, 53 Ga.* 410, 415, it was said: "When the State levies a tax on business, professions, etc., it varies the tax from $10.00 to $200.00, and has done so every year since the ad valorem or uniformity rule was first in any constitution. This being the rule, we can not see the objection to a tax of $50.00 on a business which employs ten drays or wagons, and a tax of $25.00 when five are employed. A tax on sales varies according to the amount of sales; and if the government protects one selling $500,000.00 worth, ought not that business to pay more than where only $20,000.00 or $50,000.00 worth are sold?  .   .   Such a tax should be apportioned according to the extent of such business, and we do not see in it any conflict with the constitution. It is in accord with the spirit of an ad valorem and uniform tax." These cases are clearly in point, if we be correct in holding that the municipal authorities in the present case adopted a reasonable plan of classification in taking an ice house or ice factory or agency employing

not more than five wagons or vehicles as the unit of taxation and the point at which to begin the ascending scale of taxation.

So far as relates to the last provision of the ordinance in question, contained entirely in the last line of the ordinance as set forth in the statement of facts, it may be said that it nowhere appears that any attempt is being made to collect taxes against these petitioners under and by virtue of this provision, and that the only charge in the bill of exceptions of a threatened illegal levy of a tax execution is "upon each and every the wagons which petitioners have and use in excess of the five wagons prescribed by the said ordinance and authorized to be used by them upon the payment of the annual tax license."

Wherefore we conclude that the court did not err in refusing the injunction as prayed. *Judgment affirmed. All the Justices concur.*