UNITED CIGAR STORES CO. *v.* STEWART, tax-collector.

Section 33 of the tax act of 1909 (Acts 1909, p. 50), which imposes a tax "Upon every manufacturer of tobacco, and upon every wholesale and retail dealer in tobacco, who redeems, or offers to redeem, any tags or labels sold or distributed or given with tobacco sale, the sum of two hundred dollars for each place of business in this State, where such tags or labels are redeemed," is void because violative of article 7, section 2, paragraph 1 of the constitution of Georgia (Civil Code, § 6553), which provides that taxes of this character shall be uniform upon the same class of subjects.

FEBRUARY 22, 1916.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 17, 1914.

*Moore & Pomeroy* and *Strook & Strook,* for plaintiff.

*Brantley, Jones & Brantley,* for defendant.

BECK, J. The tax-collector levied a fi. fa. upon property of the plaintiff, located in Fulton county, for an alleged indebtedness of two hundred dollars due the State for the year 1912, under the 33d section of the tax act of 1909, which reads as follows: "Upon every manufacturer of tobacco, and upon every retail dealer in tobacco, who redeems, or offers to redeem, any tags or labels sold or distributed or given with tobacco sale, the sum of two hundred dollars for each place of business in this State, where such tags or labels are redeemed." The plaintiff filed a petition in Fulton superior court asking that the collection of said license or tax be restrained, upon the ground that section 33, as above quoted, is unconstitutional. The cause came on to be heard before the

judge, without the intervention of a jury, upon an agreed statement of ·facts, to wit, that all of the allegations of fact as set forth in the petition were true. After argument judgment was. entered, finding for the defendant and denying the prayer for injunction; and to this judgment the petitioner excepted.

In the petition it is alleged, that the complainant is a corporation organized and existing under the laws of the State of Illinois; that it is engaged in the sale, at retail, of cigars, cigarettes, chewing tobacco, and other tobacco products, pipes, cigar and cigarette holders, and other smokers' articles, and also soda-water, chewinggum, and playing cards; that in the conduct of such business the complainant operates several stores in the· State of Georgia, and stores in several other States; that in connection with such business, at each one of its stores, it offers to each person making a purchase therein certain coupons and certificates of varying denominations according to the size of the purchases, said coupons and certificates being of the denomination of five cents, ten cents, twelve and one-half cents and twenty-five cents, the first two being designated as "coupons," the last as a "certificate," and the one of twelve and one half cent denomination as a "half certificate," copies of which were attached to the petition; that the sale of goods and the offering of· coupons and certificates are wholly distinct and separate transactions; that no coupons or certificates are sold by complainant, and it receives no pecuniary consideration for the offering of them. Complainant attacks the section of the tax act quoted· above, upon several grounds, insisting that it is in violation of certain specified clauses of the State and the Federal constitutions. We deem it unnecessary to mention more than one ground; for it is the opinion of the court that this section of the tax act is violative of article 7, section 2, paragraph 1, of the constitution of Georgia (Civil Code, § 6553), and is therefore void. The particular provision of the constitution referred to is in the following language: "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

In the case of *Atlanta National Bank* v. *Stewart,* 109 *Ga.* 80 (35 S. E. 73), it was said: "Whether occupations shall be taxed,

and if taxed how they shall be classified, are questions referred by the constitution to the General Assembly; but all such taxes when levied shall be uniform upon the same class of subjects." Under the clause of the constitution now under consideration and our decisions construing it, it is true, as counsel for the defendant contends, that the legislature has broad discriminatory powers in the classification of the subjects of taxation. It is also true, as contended, that the legislature may classify privileges and occupations for the purposes of taxation, varying the amount of tax, taxing some and omitting to tax others; and it is not a valid objection to a tax upon an occupation or a business that another business is not taxed, or that another is taxed a different amount. But after these concessions are made to the contentions of the defendant, we are not relieved of the duty of giving effect to the rule that occupation taxes when imposed "shall be uniform upon the same class of subjects;" and the violation of this principle of uniformity in the classification of subjects of occupation taxes is fatal to the law imposing such tax. In the case of *McGhee* v. *State*, 92 *Ga.* 21 (17 S..E. 276), it was said: "All taxation may be divided into two general classes: taxation on property, and taxation on person, the latter including taxation on occupation. Between the two classes there is a wide difference." And in the case of *Carroll* v. *Wright*, 131 *Ga.* 728 (63 S. E. 260), it is said: "It is competent for the legislature to make the classification of occupations and businesses for the purposes of taxation, but the classification must be reasonable and not arbitrary, and, in order to be valid, must be natural. *Mutual Reserve Association* v. *Augusta*, 109 *Ga.* 73 (35 S. E. 71). Whether the classification in a given instance is a reasonable one or not is a question primarily addressed to the judgment and discretion of the taxing power, subject to review by the courts whenever, in a court having jurisdiction of the same, the question is raised as to whether or not the classification is unreasonable and arbitrary." In the present case the classification made in imposing the tax in question is unreasonable and arbitrary. Of course it was competent for the legislature, in framing its law for the collection of occupation or business taxes, to put tobacco dealers in a class by themselves; and tobacco dealers might have been divided, without impinging upon the rule against arbitrary classification, into retail dealers

and wholesale dealers, and there might have been subdivisions of these divisions, without necessarily making an arbitrary classification. But the tax under consideration is not imposed upon manufacturers and dealers in tobacco generally, or manufacturers and dealers in a specified kind of tobacco, but upon the manufacturer or dealer in tobacco who belongs to a class created by this section of the tax act; and the basis of classification here made is the redeeming or offering to redeem tags or labels sold or distributed or given with a tobacco sale, while other businesses or occupations, doing precisely the same thing for which the dealer in tobacco is .taxed, are not taxed. A dealer in tobacco, as we have said, may be put into a class separate and apart from dealers in dry goods, or dealers in soda water, or dealers in hardware; the nature of the occupation of each of these affords a natural and reasonable basis for classification. But if each of the persons carrying on the business just enumerated issues and distributes and gives away, with the sales of goods carried in his particular line, tags, labels, or certificates, which the distributor of them offers to redeem, and a classification is made with respect merely to the giving away or distributing of these tags, labels, or certificates, and only one of such businesses is selected for taxation and put into a class by itself, and that class is taxed, then it seems to us that such a classification is unreasonable and arbitrary. If the tax were upon all merchants who give away redeemable tags, labels, or certificates, we might have to decide the question whether or not this would be taxing a mere incident to the business in addition to taxing the occupation itself; and though that question is raised in the record, it is not necessary to decide it,. inasmuch as we have held the tax to be void upon the ground that it is imposed upon a class arbitrarily created, without any reasonable basis therefor.                    *Judgment reversed. All the Justices concur.*