EWING *et al. v.* WRIGHT, comptroller-general, *et al.*

Subsection 70 of section 2 of the general tax act of 1921 (Georgia Laws 1921, p. 58), imposing a tax upon persons negotiating loans and charging a fee or commission therefor, and providing that the tax shall not be required of attorneys at law who have paid their professional tax and who shall engage in negotiating loans on collateral other than wages, etc., is unconstitutional because violative of the clause of the constitution relative to the uniformity of taxation, etc.

No. 4340. NOVEMBER 22, 1924.

Petition for injunction. Before Judge Humphries. Fulton superior court. April 10, 1924.

*Underwood, Pomeroy & Haas,* for plaintiffs.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general,* and *Frank Carter,* for defendants.

BECK, P. J.  J. H. Ewing and others brought their equitable petition against W. A. Wright, comptroller-general, and W. S. Richardson, tax-collector of Fulton County, alleging that they were engaged in the business of negotiating loans and charging commissions therefor, and that the tax-collector was threatening to enforce executions against the plaintiffs on account of their failure to pay the tax imposed upon them by subsection 70 of section 2 of the general tax act of the State, approved August 15, 1921 (Ga. Laws 1921, p. 58). The section of the tax act in question undertakes to create, for purposes of taxation, a distinct class, to wit, persons "negotiating loans and charging therefor any fee, commission, or salary." If the class included all persons "negotiating loans and charging therefor," the classification would not be subject to the objections here raised to it; but the statute in question does not include all persons belonging to the class upon which the tax is imposed; it expressly excludes a number of them, to wit, attorneys at law who are engaged in the same kind of loan business as the class generally upon whom the tax is imposed. Paragraph 1 of section 2 of article 7 of the constitution of this State provides as follows: "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Civil Code, § 6553. And where the legislature, as here, creates by statute a class upon which it imposes a tax like that imposed by this statute, but excepts from it a number of persons falling within the classification, the

rule prescribed in the paragraph of the constitution quoted is violated; and such a violation of the constitutional provision renders the statute void. The petitioners in this case are engaged in the real-estate business and pay their occupation tax as such. The statute challenged in this petition imposes upon them the extra tax of $25, if they engage in the business of negotiating loans and charge therefor a fee or commission, in each county in which they may carry on such business. But the statute further provides that the tax shall not be required of attorneys at law who have paid their professional tax, though they engage in negotiating loans on collateral other than wages, etc. We do not think the contention made by counsel for the defendant in error, that making loans by attorneys is a mere incident to the profession, is sound. If making loans, such as contemplated in this section of the tax act, is incidental to the practice of law, it would seem to be incidental also to the real-estate business. In the case of Beckett v. Savannah, 118 Ga. 58 (44 S. E. 819), it was said: "The right of an attorney at law to practice his profession does not include the right to engage in another and independent business. If an attorney at law engages in the business of lending money, he is as much subject to taxation on such business as are other money-lenders who are not attorneys; and it may be competent for the Mayor and Aldermen of the City of Savannah to treat the advertising of money-to-lend as an offer to transact the business of money-lending, and to impose a tax on those who advertise money to lend or otherwise engage in the business of money-lending. Conceding that this is true and that the city authorities had this power, the ordinance under discussion is still illegal, for it does not use the power in a lawful manner. That the requirement of our constitution as to uniformity of taxation upon the same class of subjects refers to such a tax as this, see Mayor of Savannah v. Weed, 84 Ga. 683, 685. While an attorney at law who engages in a business not a part of his profession may be subject to a tax imposed upon all engaged in such business, he can not be taxed on such business merely because he is an attorney, and without taxing all others engaged in that business. A uniform tax might be imposed upon all money-lenders, and an attorney at law would be subject thereto; but attorneys who lend money can not be so taxed when other money-lenders are not. This court has repeatedly held

that this kind of tax must be uniform upon all business of the same class. *Mutual Reserve Asso.* v. *Augusta,* 109 *Ga.* 78, and cases cited. Such a tax can not be imposed upon certain particular persons engaged in a business without taxing others engaged in the same business. An attorney at law can not be required to pay a tax for lending money and to take out a license as a prerequisite to engaging in that business, when no similar burdens are imposed upon money-lenders who happen not to be attorneys at law." What is there said is applicable to the question made here. We are of the opinion that the tax officers should have been restrained and enjoined from collecting the tax in question.

*Judgment reversed. All the Justices concur.*