115

AMERICAN BAKERIES CO. *et al. v.* CITY OF GRIFFIN.

NO. 8355. JANUARY 13, 1932.

*Alston, Alston, Foster & Moise* and *Cleveland, Goodrich & Cleveland,* for plaintiffs.

*Maddox & Futral,* for defendant.

RUSSELL, C. J.   Having been called upon to pay a license tax to the City of Griffin under an ordinance of that city, providing "that all persons, firms, or corporations selling bread, crackers, and similar foodstuffs from wagons, trucks, or similar vehicles, having no permanent or fixed place of business in Griffin" should pay fifty dollars for such license, the American Bakeries Company and the Stone Baking Company brought a petition in which they asked for an injunction against enforcement of the ordinance and prayed that it be declared void as being discriminatory, unjust, and violative of the constitutional provision respecting uniformity of taxation upon like classes of business.   It was agreed between counsel that there was no dispute as to the facts.   The plaintiffs, Georgia corporations with headquarters in Atlanta, were engaged in the business of manufacturing bread, cookies, crackers, and similar foodstuffs, and they conducted the business of selling these products from automobile trucks in Griffin and other municipalities. Neither of them had a permanent or fixed place of business in Griffin, and the sales in Griffin were at wholesale, and made exclusively to retail merchants from automobile trucks.   It was agreed that a license tax of $15 was charged by the ordinance for

the privilege of operating a bakery; and thereafter, as a part of the schedule of said ordinance, appeared the provision hereinbefore quoted with respect to the sale of breads, cookies, and similar foodstuffs from wagons, trucks, or similar vehicles. It was conceded that if the ordinance was valid the plaintiffs would be liable for $50. They insisted that it was void and inoperative as being discriminatory and lacking uniformity. The stipulation upon which the court heard the case included an agreement that, if the ordinance was void for the reasons assigned by the plaintiffs, the form of action chosen was appropriate, and that an injunction should be granted. The court refused an injunction, and the plaintiffs excepted.

The purpose of the plaintiffs in this case is to test the validity of the ordinance just stated. It is true that the fact that another business or occupation is not taxed, or is taxed in a different amount, is not a valid objection to an ordinance requiring a license fee for conducting a named business. *Weaver* v. *State,* 89 *Ga.* 639 (15 S. E. 840). It is well settled that a license tax exacted as a charge for engaging in a particular vocation, even though the vocation involves the sale of goods, wares, and merchandise, is not a tax upon property, but is a tax upon the occupation, business or employment. *Atlanta National B. & L. Asso.* v. *Stewart,* 109 *Ga.* 88 (35 S. E. 73), and cit. However, the City of Griffin made a classification and included in a distinct class "all persons, firms, or corporations selling bread, crackers, and similar foodstuffs from wagons, trucks, or similar vehicles," and thereafter attempted to qualify this classification so as to confine its operation only to those dealing in bread, etc., having no permanent place of business in Griffin. It seems to us that this ordinance is discriminatory, and for that reason invalid. If for any good reason the city council of Griffin saw fit to impose a license tax upon "all persons," etc., who sold from movable vehicles, it might be supposed that there was a good reason why a different charge should be imposed upon those dealers in bread and cookies who are ambulatory and transact their business in the public streets, to the discomfort of those who employ the streets for locomotion, rather than engage in business at a fixed location. However, we are of the opinion that there is no substantial reason why those who have a permanent place of business in Griffin should be given preference over those who have not. As

said by Mr. Justice Evans in *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523, 526 (54 S. E. 534) : "Would it be any less discriminatory in scope or effect to impose a tax upon dealers in articles manufactured beyond the limits of the city, and exempt the same class of articles manufactured in the city? . . The ordinance undertakes to discriminate in favor of a particular species of property solely because of its location at a particular time. It is manifestly discriminatory, and for that reason invalid." In that case it was sought to restrain the enforcement of an ordinance of the City of Atlanta which purported to impose a license tax on "fire or wreck sales of merchandise (unless the merchandise is salvage from fire or wreck in the City of Atlanta), no license to issue for less than the price of one year, to wit, $200." This ordinance therefore imposed a license tax of $200 upon merchandise offered for sale in the City of Atlanta which might be salvaged from any fire or wreck occurring outside of the City of Atlanta, but exempted from the tax the sale of merchandise which was salvaged from a fire or wreck within the city, just as in the present case the ordinance of the City of Griffin subjects to a tax of $50 those whose merchandise in the form of bakery products is brought from without the city limits of Griffin and sold in a specified way within that city; whereas one who has a permanent place of business within the City of Griffin may sell the same products in the same way, and yet is exempted from the payment of the tax imposed upon the vendor who has no permanent place of business in the city. In the *Jacobs* case this court held : "An ordinance of the City of Atlanta which imposes a license tax on 'fire or wreck sales of merchandise (unless the merchandise is salvage from fire or wreck in the City of Atlanta), no license to issue for less than the price of one year, to wit, $200,' is discriminatory and void, because it exempts from the tax the sale of salvage from fires and wrecks occurring in the city." In *Mutual Reserve Asso.* v. *Augusta,* 109 *Ga.* 73 (35 S. E. 71), this court held : "While by a municipal ordinance a tax on the gross premiums of an insurance company doing business in the city, at a given rate per cent., may be lawfully imposed if the authority to do so be clearly given, an ordinance which by its terms only imposes such tax on non-resident companies, and expressly excludes resident companies from its operation, is void for the want of the uniformity required by the constitution." In the opinion of the court in that

case, Mr. Justice Little said: "In construing the constitutional provisions as to the uniformity, . . to be enforced in this State, this court has repeatedly held that one business may be taxed and not another. But the requirement as to this kind of taxation is, that it shall be uniform upon all business of the same class. *Cutliff* v. *Albany,* 60 *Ga.* 599; *Burch* v. *Savannah,* 42 *Ga.* 600; *Bohler* v. *Schneider,* 49 *Ga.* 195; *Home Ins. Co.* v. *Augusta,* 50 *Ga.* 530; *Goodwin* v. *Savannah,* 53 *Ga.* 414; *Mayor &c. of Savannah* v. *Weed,* 84 *Ga.* 683 [11 S. E. 235, 8 L. R. A. 270]; *Weaver* v. *State,* 89 *Ga.* 639 [supra]. A classification for taxation must be made, but it must be reasonable and not arbitrary, and, in order to be valid, it must be natural. As an instance, we think the City of Augusta, assuming it had legal power, might properly classify the business of insurance, but a classification which applied only to particular business of insurance for the purposes of taxation would not meet the constitutional requirement." What was said by Judge Bleckley in *Gould* v. *Atlanta,* 55 *Ga.* 678, 682-683, is not inappropriate to the facts in the case now before us. "This discrimination alone would perhaps be sufficient to render the ordinance invalid. Its chief defect, however, considered with reference to the grant of power on which it rests, is that it spends its whole force on non-residents and spares residents entirely. Suppose a citizen peddles his wares through the city, is he not an itinerant trader? and if so, where is the authority in the charter for an ordinance taxing itinerant traders that leaves him untaxed as such? When power is given to municipal corporations to impose taxes, whatever else the grant may mean, it certainly means that the citizens are to be taxed. That is the plainest and most obvious construction in all cases. Other persons may be included, but citizens must be, unless expressly excepted. It is for them, and upon them chiefly, that local legislation is to act. Until there is an ordinance that binds the citizen, there can be none (other than a mere police regulation) that binds the stranger. When the stranger comes into the city he may be watched, but he can not be taxed if citizens of his class are not taxed, unless there is some special grant of authority enabling the municipality to tax him as a non-resident. As to his right to claim equality with citizens in whatever taxes are imposed, see 2 Dillon on Municipal Corporations, 631; 5 Caldwell, 554." In *Mayor &c. of Savannah* v. *Weed,* 84 *Ga.,* 683 [supra], this court held: "The

legislature or municipal authorities are not bound to tax any occupation or business within their territorial limits; but when they undertake to tax one class of business or occupation, the same tax must be levied on all members of that class. We think the plain meaning of this clause of the constitution is that the legislature or municipal authorities may classify all subjects of taxation, and make the tax uniform on each class. They can tax these classes or not as they see proper; they can tax one class and exempt the others; but when they do tax a particular class, the rate must be uniform as to all of that class." See also *Wright* v. *So. Bell Tel. Co.*, 127 *Ga.* 327 (56 S. E. 116); *United Cigar Stores Co.* v. *Stewart*, 144 *Ga.* 724 (87 S. E. 1034). In *Ewing* v. *Wright*, 159 *Ga.* 303 (125 S. E. 445), the plaintiffs contested the payment of a tax upon persons negotiating loans and charging a fee or commission therefor, imposed by a statute which provided that the tax did not apply to attorneys at law who had paid their professional tax and who might engage in negotiating loans, upon the same ground as taken here. The plaintiffs contended that the provisions which imposed a tax upon them as loan agents was void, because attorneys at law who might engage in the same business were exempted from the payment, just as the plaintiffs here insist that the ordinance of Griffin is void for lack of uniformity, and asked an injunction restraining the collection of the tax, which the superior court refused to grant; but we reversed that judgment and held that "such a tax can not be imposed upon certain particular persons engaged in a business without taxing others engaged in the same business." Upon the authority of *Beckett* v. *Savannah*, 118 *Ga.* 58 (44 S. E. 819), we think the similarity in the two cases obvious. We think the learned trial judge erred in refusing an injunction, and in not holding invalid the proviso of the ordinance.

      *Judgment reversed. All the Justices concur except*

    GILBERT, J., dissenting. I concur in what is said on the merits of the case. I am of the opinion that the court properly refused the injunction, because under the facts the case falls within the general rule that equity will not interfere with criminal prosecutions. Civil Code (1910), § 5491. While executions may issue and criminal prosecutions instituted when the ordinance is violated, no execution has been issued and no prosecution has been instituted. See dissent in *City of Newnan* v. *Atlanta Laundries Inc.*, 174 *Ga.* 108. Jurisdiction can not be conferred by agreement of counsel.