CITY OF DOUGLAS *v.* SOUTH GEORGIA GROCERY COMPANY.

ATKINSON, Justice. The City of Douglas adopted an ordinance for the year 1933, providing special occupation taxes on businesses as follows: (a) "Groceries, retail, including fruits and confectioneries, poultry and eggs, dairy products, with a stock of merchandise under $250.00, $15.00; with stock of $250.00 to $500.00, $30.00; with stock of $500.00 or more, $40.00." (b) "Grocery store, each not including bottled soda-water, operating under what is known as 'cash and carry' system, and not using delivery at all times available to customers, $75.00." A similar ordinance was adopted for the year 1934, which carried an amendatory provision: (c) "Grocery stores, retail, each, not including bottled soda-water, being one of a chain of five or more stores owned and operated by the same person, firm, or corporation in the State of Georgia, on owner or operator, $75.00." Executions were issued against the South Georgia Grocery Company as operator of a retail grocery store, and were levied upon its property, for $75.00 each for such taxes for the

years 1933 and 1934. The company tendered the city $40.00 for each year's tax, but the tender was refused. Suit was brought to enjoin sale of the property and interference with plaintiff's business by criminal prosecution, on the ground, among others, that the ordinances were void as being discriminatory and in contravention of the uniformity of taxation clause of the State constitution (Code of 1910, § 6553; Code of 1933, § 2-5001), and of the due-process and equal-protection clauses of the State and Federal constitutions. Code of 1910, §§ 6358, 6700; Code of 1933, §§ 2-102, 1-815. At an interlocutory hearing the case was tried on a statement of facts in which it was agreed that the only difference in the business and the method of doing business by the various retail grocery stores having a stock of $500.00 or more, in the City of Douglas, which were assessed a tax of $40.00 for the years 1933 and 1934, under the ordinances set out in the petition, and the plaintiff's business and method of doing business, is that said other retail grocery stores do a delivery and credit business and also sell for cash, and that plaintiff does a strictly cash business and does not operate a delivery service for its customers in the City of Douglas, and because of said difference the plaintiff, doing a cash and carry business, under said ordinance is required to pay a tax of $75.00 as against a tax of $40.00 paid by said other retail grocery stores doing a credit and delivery business and also selling for cash. It is agreed that plaintiff now owns and operates and did own and operate during 1933 a chain of more than five grocery stores in the State of Georgia, and one of said chain of grocery stores, and only one, was located in the City of Douglas, Georgia, during the year 1933 and the year 1934. The judge held the ordinances to be void, and granted an interlocutory injunction. The defendant excepted. *Held:*

1. The difference in operating a retail grocery store on the cash and carry system, where all sales are for cash and no deliveries made outside the store, and operating the same kind of store on a system of cash and credit sales and making deliveries of goods in the store and at other places, is not a reasonable basis of classification, for the purpose of taxing the former a higher rate than the latter. *American Bakeries Co.* v. *Griffin,* 174 *Ga.* 115 (162 S. E. 513) ; *City of Newnan* v. *Atlanta Laundries Inc.,* 174 *Ga.* 99 (162 S. E. 497, 87 A. L. R. 507) ; *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (2) (154 S. E. 145) ; City of Danville *v.* Quaker Maid Inc., 211 Ky. 677 (278 S. W. 98, 43 A. L. R. 590). The ordinance in question differs from the ordinances involved in *Steuer* v. *Atlanta,* 176 *Ga.* 433 (168 S. E. 7) ; *Derst Baking Co.* v. *Savannah,* 180 *Ga.* 510, which did not attempt (as was attempted by the ordinance in question) to divide a business and tax separately the constituent elements or parts thereof.

2. The tax not being based on a reasonable classification and a higher tax being imposed on operators under the cash and carry system than on those operating on the credit and delivery system, such higher tax is discriminatory and void and inhibited by the equal-protection clauses of the State and Federal constitutions.

3. The amendatory ordinance of 1934 relating to chain stores, properly construed, was an attempt to impose a tax on the business of operating in this State "one of a chain of five or more stores" by the same per-

son, firm, or corporation, and not imposing such tax on the same kind of business where the number of chain stores is less than five. This difference renders the ordinance discriminatory and void as violative of the equal-protection clauses of the State and Federal constitutions. *Woolworth Co.* v. *Harrison*, 172 *Ga.* 179 (156 S. E. 904); *Harrison* v. *National Biscuit Co.*, 172 *Ga.* 285 (157 S. E. 666).

(*a*) The case differs from State Board of Tax Commissioners *v.* Jackson, 283 U. S. 527 (51 Sup. Ct. 540), Louis K. Liggett Co. *v.* Lee, 288 U. S. 517 (53 Sup. Ct. 481), Fox *v.* Standard Oil Co., U. S. (79 L. ed. 339); Stewart Dry Goods Co. *v* Lewis, U. S. , announcing the doctrine that the operation of a chain of stores by the same person differs fundamentally from the form and method of merchandising where separate persons operate independently their individual stores, and that such difference affords ground for classification by the legislature for the purpose of taxing chain stores higher than individual stores. The rulings in those cases did not involve or decide the question involved in the instant case, of discrimination between "chain stores" as a class.

(*b*) Having held that the chain-store ordinance is void for the above reason, no ruling will be made upon the question whether the ordinance is void on the further ground, as ruled by the trial judge, that "the city had no authority to take into consideration territory outside its jurisdiction upon which to base its classification for taxation."

4. Under the agreed facts the judge properly enjoined enforcement of the ordinances in question.

*Judgment affirmed. All the Justices concur, except Gilbert and Bell, JJ., who dissent.*

GILBERT, Justice. As to the judgment granting an injunction against criminal prosecutions, I dissent. *Candler Inc.* v. *Atlanta*, 178 *Ga.* 661 (174 S. E. 129). In all other respects I concur.

No. 10458. APRIL 10, 1935.

*Sapp & Barnes,* for plaintiff in error.
*Quincey & Quincey, Heath & Heath,* and *Harrell & Lilly,* contra.