ARD *et al. v.* CITY OF MACON.

No. 12471. NOVEMBER 19, 1938.

*Thomas A. Jacobs Jr.,* and *Joseph W. Popper,* for plaintiffs.

*E. W. Maynard* and *Ellsworth Hall Jr.,* for defendants.

ATKINSON, Presiding Justice. The Mayor and Council of the City of Macon passed a general license and tax ordinance for the year 1938. It imposed a license tax on the right to operate business within the city. Many kinds of business to be affected by the ordinance were specified. Among these were (1) "Butcher-shop, or store in which fresh meat is sold at retail, each shop or store not to include any other business without additional license." (2) "Groceries, retail." As to each of such kinds of business it was declared, "each person, firm, or corporation operating the above classified business shall, on or before the 15th day of January of each year, furnish the city clerk of said city an affidavit stating the value of his stock, furniture, and fixtures as of the first day of January in each year, and said affidavit shall also state the number of hours said shop or store shall operate. No Sunday operation." The first mentioned was subclassified for license tax (the amount per annum for each class being stated) according to a graduated scale based on the number of "meat blocks" employed and the

number of hours per week the business was operated. The second applied to retail grocery stores having "stock, furniture, and fixtures not exceeding $500," licensed according to a graduated scale founded on the number of hours operated per week; also to retail grocery stores having "stock, furniture, and fixtures" of more than $500, but not exceeding $750, licensed according to a higher graduated scale founded on the number of hours per week the business was operated. *Held:*

`1. The above portions of the ordinance in question were revenue measures, not founded on police power. They were applicable throughout the city or taxing district. In this respect they differed from the State and county occupation tax involved in *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795), in which decision two of the Justices did not concur.

2. The subclassifications were applicable to all persons operating business of such classes within the city, and were reasonable for the purpose of license for revenue. They did not limit the hours per week such businesses might be operated; nor did they, as contended, restrict individual right to work. The businesses could have operated every hour of every week-day, if so desired. The ordinance only imposed a reasonable license tax that was applicable in all parts of the city and to all persons operating businesses within reasonable classes.

3. Being of the character mentioned above, the designated portions of the ordinance relating to license tax on the right to operate butcher-shops and retail grocery stores of the designated classes were not violative of the following provisions of the Constitution of Georgia: (a) Article 1, section 1, paragraph 2 (Code, § 2-102): "Protection to person and property is the paramount duty of government, and shall be impartial and complete." (b) Article 1, section 1, paragraph 3 (§ 2-103), "No person shall be deprived of life, liberty, or property, except by due process of law." (c) Article 7, section 2, paragraph 1 (§ 2-5001), "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." (d) Fourteenth amendment of the Federal constitution (§ 1-815), "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

4. The judge at an interlocutory hearing did not err in refusing to grant a temporary injunction against enforcement of the designated portions of the ordinance.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*