ELDER, revenue-collector, *et al. v.* SMITH *et al.*

No. 12708. APRIL 15, 1939.

J. C. Savage, C. S. Winn, Bond Almand, and J. C. Murphy, for plaintiffs in error.

Franklin S. Chalmers, contra.

DUCKWORTH, Justice. The ordinance, for the purpose of licensing and fixing a graduated scale of fees upon meat markets, classifies them on the basis of the volume of sales made during the preceding year. It contains no provision for license fees to be paid by meat markets that were not operated during the preceding year. It was attacked on the grounds stated above, in that it lacks uniformity, and that it is arbitrary and discriminatory. In attempting to classify, the ordinance fails to embrace all of the class. The law recognizes the right and power of a municipal government to make reasonable classifications of subjects for taxation, and to make subclassifications of such classes. Sawtell v. Atlanta, 138

*Ga.* 687 (75 S. E. 982) ; *Solomons* v. *Savannah,* 183 *Ga.* 631 (189 S. E. 230). But it does not permit an arbitrary classification, the basis for which has no reasonable relationship to the purpose for which classification is made. *Hewin* v. *Atlanta,* 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296) ; *City of Douglas* v. *South Georgia Grocery Co.,* 180 *Ga.* 519 (179 S. E. 768, 99 A. L. R. 700). All meat markets belong to a single class, without regard to whether they operated during the preceding year or began operations during the current year, and this ordinance embracing only those markets which were operated during the preceding year fails to embrace all of the class. The failure to include some of the members of the class, as above described, together with the use of the volume of business of the *preceding* year, subjects the ordinance to the criticism presented, and renders it invalid. What one did in business last year is certainly not proof of what he will do this year. To enforce the ordinance here involved might easily mean that a market that does a million dollars gross sales during the current year would pay the city a fee of only $20 for that privilege, while another market that does less than $3000 in gross sales during the current year would pay $250, for the reason that the former did less than $3000 the preceding year while the latter did over $20,000 during the same time. This illustration demonstrates the glaring lack of equal protection guaranteed by the constitution, as well as positive discrimination prohibited by the constitution. *Sawtell* v. *Atlanta,* 138 *Ga.* 687 (75 S. E. 982), *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795), *Ard* v. *Macon,* 187 *Ga.* 127 (200 S. E. 678), and similar cases relied upon by counsel for the plaintiffs in error, differ on their facts from the instant case, in that in none of those cases was the classification based upon the volume of business *for the preceding year.*

Counsel for the plaintiffs in error rely strongly on *Clark* v. *Titusville,* 184 U. S. 329 (22 Sup. Ct. 382, 46 L. ed. 569). While the ordinance in that case was very similar to the one here involved, the constitutional attacks were different. The grounds of attack were, as pointed out in *Stewart Dry Goods Co.* v. *Lewis,* 294 U. S. 550 (55 Sup. Ct. 525, 79 L. ed. 1054), that the classes were so defined that a merchant whose sales were just enough to come within a class paid at a higher rate than one whose sales were almost large enough to come within that class; that the lowest

amount of sales of a class paid the same amount of taxes as the highest amount of sales in that class; and that the percentage of tax to sales was greater in the lower than in the higher brackets. It thus appears that the Supreme Court of the United States, in holding the ordinance valid, did not pass on the questions which are presented in the instant case. The plaintiffs in error contend that the city is required to make inspections of meat markets, and that the expense the city must incur in making these inspections increases as the volume of business done by a market increases, and hence the city is justified in graduating the scale of license fees according to the volume of business done. Whether or not by proper proof of such a statement of facts the city would be justified in using the volume of business as a basis for fixing the fees, that contention is unsound here, for the reason that, as demonstrated above, the fees are not fixed by the volume of business done for the current year and on which such inspection would be required. The portions of the ordinance under which it is sought to collect the license fees here involved being unconstitutional, it was proper for the court to enjoin the collection thereof.

*Judgment affirmed. All the Justices concur.*