18503. BRANNEN *et al.* v. MAYOR &c. OF STATESBORO *et al.*

WYATT, Presiding Justice. Aulbert J. Brannen et al. filed a suit in equity seeking to enjoin the Mayor and Council of Statesboro, Georgia, from enforcing a license ordinance. The trial court denied the prayer for injunction. The exception here is to that judgment. *Held:*

1. The license ordinance in question appears in the record in the following language: "Be it ordained by the Mayor and City Council of Statesboro, and it is hereby ordained by the power and authority of same, that the business license ordinance be amended to include the following: . . . Tobacco Warehouse, per 1,000 square foot of floor space, $1.50. . . Be it further ordained by authority aforesaid that all ordinances in conflict herewith be repealed. Adopted at a regular meeting of the Mayor and City Council of Statesboro, this 31st day of December 1948." It is contended that the ordinance is invalid for the reason it has the effect of levying a different license as to different warehouses dependent upon the size of the warehouse. The contention is that there should be a flat license tax on all tobacco warehouses regardless of size. The plaintiffs in error rely upon *Wright* v. *Southern Bell Telephone &c. Co.,* 127 *Ga.* 227 (56 S. E. 116); *American Bakeries Co.* v. *City of Griffin,* 174 *Ga.* 115 (162 S. E. 513); *Woolworth Co.* v. *Harrison,* 172 *Ga.* 179 (156 S. E. 904); *Mayor &c. of Savannah* v. *Weed,* 84 *Ga.* 683 (11 S. E. 235, 8 L. R. A. 270), as sustaining their position. In all of those cases the license tax was held to be invalid for the reason that it was not uniform as to the members of the class affected. For instance, in the *Woolworth* case, supra, the tax was imposed on all the stores of

those who operated five or more stores, and no tax on those who operated less than five stores. That was, of course, not a uniform tax, since it levied a tax on some members of a class and no tax on other members of the same class. However, in the instant case, there is no such provision. On the contrary, all operators of tobacco warehouses are required to pay the tax, the amount to be paid being based upon the number of square feet in each tobacco warehouse. This court has uniformly held that the taxing authorities may levy a license tax upon a certain class or business adjusted to the size of the business or the amount of business carried on. For some of the many cases so holding, see *Sawtell* v. *City of Atlanta,* 138 *Ga.* 687 (75 S. E. 982); *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795); and *Ard* v. *City of Macon,* 187 *Ga.* 127 (200 S. E. 678). It follows, the trial court did not err in holding the license ordinance in question to be valid.

2. The trial court denied the filing of a proffered amendment to the petition, and this is assigned as error. The amendment attempted to set up the method of levying license taxes against warehouses engaged in businesses other than that of tobacco warehouses. Since the taxing authorities have the right in levying a reasonable license tax to classify different businesses for this purpose, and since the ordinance in question saw fit to classify tobacco warehouses, the tax levied upon other and different kinds of businesses would not be material to the issue here involved. It was, therefore, not error to deny this amendment. It follows, there is no merit in any of the assignments of error.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 9, 1954—DECIDED MARCH 9, 1954.

*Wm. J. Neville, W. G. Neville,* for plaintiffs in error.
*Geo. M. Johnston, Fred T. Lanier, Robert S. Lanier,* contra.