24639.   PHARR ROAD INVESTMENT COMPANY
v.  CITY  OF  ATLANTA.

ARGUED MAY 16, 1968—DECIDED JUNE 20, 1968.

Richardson, Chenggiss & Constantinides, Platon P. Constantinides, for appellant.

Henry L. Bowden, Ferrin Y. Mathews, for appellee.

Smith, Currie & Hancock, Overton A. Currie, Harry L. Griffin, Jr., Robert B. Ansley, Jr., amicus curiae.

DUCKWORTH, Chief Justice. In considering this case we have carefully read and considered many decisions cited by counsel for both sides. It would needlessly extend this opinion to discuss fully all of such decisions. But we have seriously re-studied Elder v. Smith, 188 Ga. 65 (2 SE2d 670), in the light of the city's contention that what was there said with reference to the use of a previous year's record as a basis for the current year charge was either obiter dictum or unsound and should be overruled. This court can place its ruling upon one or more grounds, as was there done, and neither ground be obiter dictum. On its merits, we reaffirm that the previous year was an improper basis for the amount of the charge. We fully adhere to that decision. On the other hand we hold that there was enough in this ordinance that was valid to authorize the amendment removing the original use of the previous year's figures, and hence an amendment thereof could validly be enacted. Therefore our

consideration of this case is predicated upon the amended ordinance.

Irrespective of all theorizing as to what is and what is not a legal basis for classification, which is the only means of avoiding the uniformity mandate of the Constitution, the plain law is that such basis be related to the objective of the ordinance. With this solid premise we can confidently move on to the factual situation upon which the attempted classification is based. Here we find that basis unmistakably to be "number of employees" and "taxable gross revenue." We readily agree that either or both might well be reasonable as such basis. This court has consistently held that where a proper basis for classification exists the law may classify, and uniformity within the classes thus created satisfies the Constitution. *Adams Motor Co. v. Cler,* 149 Ga. 818 (102 SE 440); *Atlanta Laundries, Inc. v. Harrison,* 174 Ga. 448 (162 SE 912); *Ard v. City of Macon,* 187 Ga. 127 (200 SE 678); *Brannen v. Mayor &c. of Statesboro,* 210 Ga. 474 (80 SE2d 805). But where as here the ordinance places its license rates upon the number of employees and gross income, both of which reasonably indicate ability to pay and expense to the city in supplying facilities and protection, the further provision which fixes the charges for a license at less for manufacturers than non-manufacturers it thereby discriminates.

By adopting a classification and graduation system for fixing license fees, the city clearly manifests a desire to gear the amounts to ability to pay and the expenses to protect and serve, but we are convinced that uniformity as demanded by the Constitution is lacking. Example 1 is the exemption of certain persons having rental income from real estate where the gross income is $8,000 or less. This court in *Ewing v. Wright,* 159 Ga. 303 (125 SE 445); *Woolworth Co. v. Harrison,* 172 Ga. 179 (156 SE 904); and *City of Douglas v. South Georgia Grocery Co.,* 180 Ga. 519 (179 SE 768, 99 ALR 700), plainly condemned this principle.

Then in its ultimate basis for fixing the amount of the licenses employing the dual factors of (1) number of employees and (2) taxable gross revenue, it arbitrarily puts manufacturers in a class with more favorable terms on these bases and non-manu-

facturers in another class. Obviously, number of employees and gross income are indicators of the size of the business the city must protect and the ability to pay for a license. But it is inconceivable that the nature of the business would remotely affect either of these factors which fix the amount. It is obvious therefore, that the classifications of manufacturer and non-manufacturer are unrelated to the objective of the legislation which is revenue based upon ability to pay and the burdens upon the city in furnishing facilities and protection to the business. Under a long line of decisions such as *Mayor &c. of Savannah v. Weed*, 84 Ga. 683 (11 SE 235, 8 LRA 270), and *American Bakeries Co. v. City of Griffin*, 174 Ga. 115 (162 SE 513), the classification is arbitrary and is void.

We recognize that it is difficult to fix different charges upon a graduated scale without arbitrarily erecting a stop sign. See *Brannen v. Mayor &c. of Statesboro*, 210 Ga. 474, supra, where the graduations of the tax are natural. But we find it impossible to reconcile the mandate of the Constitution for uniformity with such basis of classification which makes number of employees and gross revenue the foundation for calculation, yet varies from $12,000 to $18,000 when the number of employees increases from 1,600 to 1,601, a difference of one. The discrimination is also apparent as to gross income as well. One may naturally ask, if this graduation is forbidden, then how could the worthy desire to base charges upon ability to pay and responsibilities of the city to furnish services and protection be determined? Gratuitously, we would suggest that the extremely competent city attorney and staff could ably draft an ordinance covering this matter that would square with the Georgia Constitution.

The Constitution prohibits discrimination. *Code Ann.* § 2-102 (Const. of 1945). It declares that laws violative of its demands are void, and the judiciary shall so declare them. *Code Ann.* § 2-402 (Const. of 1945). Confronted with these commands of the Constitution what should the judiciary say of a law that (1) exempts those receiving $8,000 gross revenue and charges those receiving more than $8,000; (2) charges a smaller license fee to manufacturers who have a given number of employees and a given gross income, than it charges non-manufacturers with

the identical number of employees and gross income, and (3) charges $12,000 for those having 1,600 or less employees and $18,000 for those having more than 1,600 employees which means for 1,600 the fee is $12,000, for 1,601, the fee is $18,000? The gross income or taxable gross revenue of the various businesses is also comparably treated. This court simply can not approve the ordinance that contains these palpable provisions of discrimination. *Johnston v. Mayor &c. of Macon*, 62 Ga. 645; *Mayor &c. of Savannah v. Weed*, 84 Ga. 683, supra; *Wright v. Southern Bell Tel. &c. Co.*, 127 Ga. 227, 230 (56 SE 116); *United Cigar Stores Co. v. Stewart*, 144 Ga. 724 (87 SE 1034); *American Bakeries Co. v. City of Griffin*, 174 Ga. 115, supra.

Being citizens and fully aware of the problems our judgment declaring this ordinance void imposes, we would not so hold if there was an honorable alternative. But the city can yet exact payments from every activity conducted within the city during this year. Just treat them all alike and avoid discrimination by a new ordinance, and the city will thus protect its needs for finance to enable it to continue its superlative services to everyone.

In some respect this ordinance embodies the thinking in both the State and Federal income tax statutes. But both of them plainly apply a rate to all within a given tax bracket, and then another rate to amounts in a higher bracket, the increased rates being only on the sums over and above the lower amount. This ordinance as relates to employees fixes one price up to 1,600 employees of $12,000 in non-manufacturing businesses and then jumps to $18,000 for those having 1,601, just one employee additional. The disparity is glaring and we know no rule of law that would sanction it.

For the foregoing reasons the ordinance is unconstitutional and void. The court erred in sustaining the motion to dismiss the petition which made these attacks upon the ordinance.

*Judgment reversed. All the Justices concur.*