## WEAVER v. THE STATE.

1. The tax in question (Acts of 1890-91, vol. 1, p. 42) is a tax on the business of selling sewing-machines, irrespective of the State or country in which the machines are manufactured; and the statute is not unconstitutional because it imposes a tax on that business without taxing other business and occupations, nor because it is not uniform with the method of returning and collecting taxes on property, nor because it prescribes a penalty for violation of its requirements. The tax is uniform upon all business of the same class.

2. The burden was on the State of proving the allegation in the indictment that the machines dealt in by the accused, he being a merchant, were of the manufacture therein designated and that the company manufacturing the same had not paid the tax required by law to be paid into the office of the comptroller-general, the fact of payment or non-payment of the tax by such company not resting peculiarly within the knowledge of the accused, and the means of proving the allegation being at least as accessible to the State as to him.

3. By ordering sewing-machines at the request of persons wishing to buy them, receiving them when sent in pursuance of the order and delivering them to the purchasers, a merchant does not engage in the business of selling sewing-machines, nor become a dealer in them or an agent to sell them, within the meaning of the 9th section of the general tax act approved December 26th, 1890.

4. The verdict was not warranted by the evidence, and the court erred in not granting a new trial.

May 16, 1892.

Tax. Constitutional law. Criminal law. Evidence. Before Judge BOYNTON. Rockdale superior court. September term, 1891.

Reported in the decision.

J. R. IRWIN, for plaintiff in error.

JOHN S. CANDLER, solicitor-general, *contra*.

SIMMONS, Justice.

The defendant was indicted for a violation of the provisions of section 9 of the general tax act of 1890. Acts 1890–1, vol. 1, p. 42. The indictment charged that the defendant, on the last day of February, 1889, " did engage in the business of selling sewing-machines, to wit, ' Singer Model,' a machine manufactured by a company that has not paid the tax required by law to be paid into the office of the comptroller-general, he the said G. W. Weaver not having paid said tax, nor any one else for him at the time of commencing business, or afterwards exhibited to the ordinary of said county his license from the comptroller-general of said State, nor having registered his name with the ordinary of said county."

The section referred to is as follows : " Sec. IX. Be it further enacted, that every sewing-machine company selling or dealing in sewing-machines, by itself or its agents, in this State, and all wholesale and retail dealers in sewing-machines selling machines manufactured by companies that have not paid the tax required herein, shall pay two hundred dollars for each fiscal year or fractional part thereof, to be paid to the comptroller-general at the time of commencement of business, and said companies or dealers shall furnish the comptroller-general a list of all agents authorized to sell machines of their manufacture or under their control, and shall pay to said comptroller-general the sum of five dollars for each of said agents, for each fiscal year or fractional part thereof, for each county in which said agent may do business for said company. Upon the payment of said additional sum, the comptroller-general shall issue to each of said agents a certificate of authority to trans-

act business in this State, and such companies, dealers and agents, having paid the taxes required herein, shall be exempted from any county or corporation tax for selling said sewing machines. Before doing business under this act, all sewing-machine agents shall be required to register their names with the ordinaries of those counties in which they intend to operate, and exhibit to said ordinaries their license from the comptroller-general, and to keep such license pasted on their vehicles or at their places of business. Wholesale or retail dealers in sewing-machines shall be required to pay the tax provided herein for each manufacture of sewing-machines sold by them, except the manufactures of such companies as have paid the tax required by this act. All unsold sewing-machines belonging to sewing-machine companies, dealers or their agents, in possession of said companies, dealers, their agents or others, shall be liable to seizure and sale for payment of such license fees and tax. Any person who shall violate the provisions of this section shall be liable to indictment for misdemeanor, and on conviction shall be fined not more than five hundred dollars and not less than one hundred, in the discretion of the court trying the same. If said fine is not paid within the time prescribed by the court, such person so fined shall be imprisoned as prescribed in section 4310 of the code. None of the provisions of this section shall apply to licensed auctioneers selling second-hand sewing-machines, or to officers of the law under legal process, or to merchants buying and selling machines on which a license tax has been paid as herein provided, and who keep the said machines and sell and deliver them at their places of business, such sales not being on commission."

The defendant was convicted, and moved for a new trial on the grounds that the verdict is contrary to law and evidence, and because the court erred in holding

that the act above quoted is constitutional and binding upon all persons who act as agents or dealers in sewing machines in Georgia. The motion was overruled, and he excepted.

1. It was argued that the act is in conflict with the constitution of the United States, "because it is an attempt to discriminate against the productions of other States." No such purpose is apparent from the act itself, and we cannot assume that such is its effect. The tax is imposed upon the business of selling or dealing in sewing-machines in this State, irrespective of the State or country in which the machines are manufactured. See Singer Mfg. Co. v. Wright, comptroller-general, 33 Fed. Rep. 124, where the same question was raised as to a similar provision of the tax act of 1886.

It was further objected that the act is unconstitutional because it imposes a tax on this business without taxing other business and occupations, and because this mode of taxation is not uniform with the method of returning and collecting taxes on property. It is too well settled to require discussion, that a tax upon a business or occupation is not a tax upon property within the meaning of the *ad valorem* and uniformity clause of the constitution. And it is not a valid objection that another business or occupation is not taxed, or is taxed a different amount. The requirement as to this kind of taxation is that it shall be uniform upon all business of the same class; and it is not insisted that the tax in question fails to meet this requirement. Constitution of 1877, art. 7, section 2, paragraph 1, Code, §5181; *Cutliff* v. *Mayor, etc. of Albany*, 60 *Ga.* 599. Also, *Burch* v. *Mayor, etc. of Savannah*, 42 *Ga.* 600; *Bohler* v. *Schneider*, 49 *Ga.* 195; *Home Ins. Co.* v. *City Council*, 50 *Ga.* 530; *Mayor, etc. of Rome* v. *McWilliams*, 52 *Ga.* 269; *Goodwin* v. *Mayor, etc. of Savannah*, 53 *Ga.* 414; *Mayor, etc. of Savannah* v. *Weed*, 84 *Ga.* 683.

Nor is there any merit in the objection that this section is unconstitutional because it prescribes a penalty for the violation of its requirements. Penalties of this character are usual, and the right of the State to impose them appears to be generally conceded. On this subject see Cooley on Taxation, 2d ed. p. 604; State *v.* Cohen, 84 N. C. 771; City of St. Louis *v.* Sternberg, 69 Mo. 303; State *v.* Hayne, 4 Rich. (S. C.) 403.

2, 3, 4. We think a new trial should have been granted on the ground that the verdict is not supported by the evidence. The evidence in the record is as follows: Alden Thompson, for the State, testified: "The defendant, Geo. W. Weaver, is a merchant doing business in Conyers. He ordered two machines for two parties. I suppose that he sold them. The parties got him to order the machines for them. This was done in Rockdale county some time in February or March, 1891. Mr. Weaver is the express agent at Conyers, and his store is the express office, and a great many machines are shipped through the office. I don't know whether Mr. Weaver made any profit on the machines or not. He has one machine in the store now. The machines that were taken out were the 'Singer Model'; the one left is a 'Cottage.' Defendant sold the machines to parties ordering them; I suppose he sold them. He let them have them. The machines were shipped to defendant."

The defendant made the following statement: "I ordered a machine for George Gilstrop and one for Jake Harper, and delivered them through my store. Gilstrop paid part in advance; Harper, when the machine was delivered. This was all done for accommodation on my part. At the time I ordered Harper's machine I ordered one machine and expected to sell it, but about that time these indictments were found, and I have never tried to sell the machine that I bought to sell. I was not acting as agent for the company, but simply ordered the first

two machines for the parties, and the one I have on hand I bought and paid for like I do other merchandise. I did not sell on commission."

The evidence fails to show that the defendant sold or was engaged in the business of selling machines, or was an agent to sell them. The witness " supposed " he sold two machines ; two parties got him to order the machines for them; the machines were shipped to the defendant, and he let these parties have them. This was all the witness knew about it. The defendant admitted ordering two machines and delivering them, through his store, but claimed that he did so as a matter of accommodation for the parties, and not as agent for the company, and that he did not sell on commission. By merely ordering sewing-machines at the request of persons wishing to buy them, receiving them when sent in pursuance of the order, and delivering them to the purchasers, a merchant does not engage in the business of selling sewing-machines, nor become a dealer in them or an agent to sell them, within the meaning of the act. Moreover, the defendant being a merchant and not otherwise a dealer in sewing-machines, it was incumbent upon the State to show that the machines in question were manufactured by a company that had not paid the tax ; and this it failed to do. There is no evidence as to what company manufactured the machines, or that the tax was unpaid. Merchants buying and selling machines are expressly exempted by the act from the requirements of obtaining a license from the comptroller-general and registering with the ordinary of the county ; and it is only where the sewing-machine company has failed to pay, that the tax is required of any other person. The defendant therefore was not on the footing of persons who are required to show a license or the payment of a license tax. The fact of payment or non-payment by the sewing-machine company did not rest peculiarly

within his knowledge, and the means of proof on this point were at least as accessible to the State as to him. If the allegation of the indictment as to non-payment was true, the State, through its comptroller-general, ought to have had no difficulty in adducing evidence in support of it; and having failed to do so, we must hold that it failed to make out its case.   See *Conyers* v. *The State*, 50 *Ga.* 104–8.                    *Judgment reversed.*