ADAMS MOTOR COMPANY *et al. v.* CLER, tax-collector, *et al.*

1. Subsection 12 of section 2 of the general tax act passed by the General Assembly of Georgia in the year 1918 (Acts 1918, pp. 43-83), is not unconstitutional and invalid because the classification of the dealers in automobiles there made was arbitrary, discriminatory, or unreasonable.

2. There is no merit in the contention that the classification was arbitrary, discriminatory, and unreasonable because of the provision permitting any person who has paid the tax to resell any automobile or vehicle taken in exchange for an automobile, without the payment of an additional tax.

No. 1515.　FEBRUARY 13, 1920.

Petition for injunction. Before Judge Meldrim. Chatham superior court. May 10, 1919.

The plaintiffs filed a petition praying for injunction against the tax-collector and the sheriff of Chatham county, alleging that they are automobile dealers selling several makes of automobiles, and that the tax-collector, Fred Cler, has assessed each of them $165 upon each make of automobile, under subsection 12 of section 2 of the general tax act of 1918 (Acts 1918, p. 47), which imposes a tax of $165 for each make of automobile sold by the dealer; and that the section of the act imposing this tax is unconstitutional in that it is discriminatory: (a) It makes an arbitrary, discriminatory, and unreasonable classification between dealers who deal in one make of automobile and dealers who sell more than one make, without reference to the value of the automobiles sold, the number of automobiles sold, the gross or net profits received therefrom. (b) It makes an arbitrary, discriminatory,

and unreasonable classification in favor of persons who take automobiles in exchange from others and resell them. (c) It makes an arbitrary, unreasonable, irregular, and uniform classification in providing a tax of only $27.50 in counties with a smaller population than 20,000 inhabitants, $50.00 in counties of a smaller population than 30,000, $82.50 in counties with a population less than 50,000, $110.00 in counties with a population of less than 75,000, and $165.00 in counties of less than 100,000 population, thereby offending the due-process clause of the State and Federal constitutions and the tax-uniformity clause of the State constitution.

The judge of the superior court held that the statute was constitutional, and refused an injunction; and to this judgment the plaintiffs excepted.

*Osborne, Lawrence & Abrahams,* for plaintiffs.

*George W. Owens,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. The section of the general tax act passed by the General Assembly of Georgia in the year 1918, which the plaintiffs contend is invalid because it violates certain provisions of the State and Federal constitutions, is in the following language: "12th. Automobiles. Upon every agent of, and upon every dealer in, and upon every person soliciting orders for the sale of automobiles, the sum set out below, viz.: In each county for each make of such vehicle only one such tax for such make for each agency to be taxed in any one county. Any agency having paid such tax to be allowed any number of employees within the county wherein such tax has been paid, free from such liabilities. Provided, that any person, firm, or corporation paying this tax shall be permitted to resell any automobile or other vehicle taken in exchange for automobiles, without the payment of additional tax. In each county with a population of less than 20,000, $27.50. In each county with a population of between 20,000 and 30,000, $55.00. In each county with a population of between 30,000 and 50,000, $82.50. In each county with a population of between 50,000 and 75,000, $110.00. In each county with a population of between 75,000 and 100,000, $165.00. In each county with a population of between 100,000 and 150,000, $220.00. In each county with a population exceeding 150,000, $275.00."

The soundness of the criticisms upon this act depends upon whether the section in question makes an arbitrary and unreasonable classification of dealers in automobiles subject to the tax imposed by this section. After careful consideration of the subject of this inquiry it does not seem to us that the legislature, in exercising its right to make a classification for the purpose of imposing a tax like that in question, has acted arbitrarily and unreasonably. It is settled law that a tax upon a business is not a tax upon property within the meaning of the ad valorem and uniformity clauses of the constitution, and it is not a valid objection that another business or object is not taxed or is taxed a different amount. The requirement of this kind of classification is that it shall be uniform upon all business of the same class. *Weaver* v. *State, 89 Ga. 639* (15 S. E. 840), and cases there cited. Under the provisions of the section of the tax act in question, the classification is made with reference to the population of the county within which the business is carried on. And to fix the amount of the tax according to the population of a county is fixing it with reference to a fact that is not arbitrarily chosen, but has some relation to the question of the amount of tax that would be right and proper. If the amount of tax fixed had to be precisely adjusted so as to impose the same burden upon every dealer in proportion to the amount of business done or the opportunity for doing business, it would be extremely difficult, if not impossible, to select any fact or standard by which the classification could be made. The only requirement is that the fact selected for the classification under which a tax like that in question is imposed shall not be arbitrary, but shall bear a reasonable relation to the tax imposed upon the business. It may be true that a county with less than 20,000 population may in some cases afford a more profitable field for the conduct of business than an adjoining county having a population of 30,000; but it can not be held that the legislature in enacting the provision in question could not decide that there was a reasonable relation between the population of a county and the amount of business of a given character carried on in that county.

Another ground taken by the plaintiffs is that the classification between dealers who deal in one make of automobiles and dealers who sell more than one make, without reference to the value of the

automobile sold, is arbitrary, discriminatory, and unreasonable. And again we must reply that the fact selected by the legislature as a ground of classification bears an actual relation to the classification made. As we said in discussing the other ground of attack upon the act, it may not precisely fix an amount adjusted to the amount of business that will be done by dealers in different classes, but it is a fact that might reasonably be taken into consideration in determining the tax to be imposed. In the case of *Sawtell* v. *Atlanta,* 138 *Ga.* 687 (75 S. E. 982), an ordinance of the City of Atlanta, imposing a tax of a fixed amount upon all ice houses, ice manufacturers, or agencies not employing more than five wagons for selling or delivery purposes, and for each additional wagon above the number of five an additional tax of $10, was held to be not invalid on the ground that it violated the constitutional provision that all taxes must be uniform upon the same class of subjects. Under the ordinance there attacked, if the ice house employed one or five wagons, the tax was $50; but if it employed more than five wagons there was an additional tax of $10 for each additional wagon. And in the case of *Witham* v. *Stewart,* 129 *Ga.* 48 (58 S. E. 463), it was said: "Section 2, par. 2, of the act of the General Assembly, approved December 16th, 1902 (A. '02, p. 19), provides that a 'specific tax' of $10, for each of the fiscal years 1903 and 1904, shall be levied 'upon the presidents of each of the express, telegraph, steamboat, railroad, street-railroad, telephone, electric-light, sleeping and palace-car companies, banks, building and loan associations, and gas companies doing business in this State.' *Held,* that under the provisions of said act, where it appears that the same person is the president of two or more banks, a tax of $10 may be collected from such person for each bank of which he is president. It appearing in the present case that the plaintiff in error was the president of several banks doing business in this State, he was liable to be taxed in the amount specified in the above act for each bank of which he was the president."

2. There is no merit in the contention that the classification was arbitrary, discriminatory, and unreasonable because of the provision permitting any person who has paid the tax to resell any automobile taken in exchange for an automobile without the payment of an additional tax.

The act in question not being invalid for any of the reasons set forth above, it follows that it is not in violation of the due-process clause of the State and Federal constitutions.

*Judgment affirmed. All the Justices concur.*