HUNTER *et al.* v. WRIGHT, Comptroller-general.

No. 7009.   JANUARY 20, 1930.   REHEARING DENIED MARCH 1, 1930.

*Paul L. Lindsay,* for plaintiffs.

*George M. Napier, attorney-general,* and *T. R. Gress, assistant attorney-general,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) There is really only one question to be determined in this case, and that is whether the General Assembly has the power to make such a classification of occupation taxes as may result in a difference of treatment as between persons engaged in the business of soliciting and writing insurance and in a preference in favor of one class engaged in the same business over another. In our opinion every question raised in the present writ of error was decided adversely to the contentions of the plaintiffs, in *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795), in which a preference was given to dealers in cigars in unincorporated districts in the State over the graduated taxes imposed against members of the class of cigar dealers in cities and towns. We held: "The legislature is authorized to make classifications and subdivisions of classifications for the purpose of levying business and occupation taxes, and, in doing so, can make any classification or subdivision which is reasonable and not arbitrary. . . The legislature can put dealers in cigars in incorporated towns and cities in a class, and impose upon the members of such class an occupation tax, graduated according to the population of the towns and cities in which such dealers do business. . . Such classification being reasonable, there is no denial of the equal protection of the law, and no deprivation of property without due process of law, and no violation of the provision of the State constitution which declares that protection of person and property is the paramount duty of government, and shall be impartial and complete. . . Only those laws imposing occupation taxes the general operation of which is confiscatory and oppressive are to be declared unconstitutional." The point involved here, though relating to the business of soliciting insurance instead of the sale of cigars, is very similar to that ruled in the *Hirsch* case. In the case at bar railroad-ticket agents are exempted from the payment of taxes imposed upon other insurance agents, although they sell accident insurance. Under the evidence adduced upon the hearing, it is apparent that these depot agents have many duties besides that of selling railway tickets, and that the time which they can devote to selling accident insurance is very limited. We are of the opinion that upon consideration of the circumstances the exemption of this class from the occupation tax imposed upon other insurance agents can not be held to be either arbitrary or unreasonable.

The General Assembly in the imposition of occupation taxes has the right of classification. After the classification has been made, the tax upon every member of any class which the taxing authority may make must be uniform. The legislature in the tax act of 1927 subdivided insurance agents into several classes. Inasmuch as the tax upon every member of each class upon which the tax is imposed is the same, there is no violation of the constitution. The legislature had also the right, for good and sufficient reason, to create another class who should be exempted from certain operations of the law; and the fact that they are exempted does not destroy that uniformity which is required by the constitution, unless the creation of an exempted class results in making the provision with reference to the occupation tax so injurious upon the other classes created as to make it arbitrary and oppressive. Under the evidence we do not think that the contentions of the plaintiffs can be upheld, for the reason that it does not appear that the exemption of ticket-agents who may sell accident insurance so injuriously affects or can so injuriously affect the plaintiffs that the exemption can be held to be arbitrary and oppressive to them.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*