BROOKS *et al. v.* HARRISON, Comptroller-general, *et al.*

No. 7933. NOVEMBER 15, 1930.

*Frank T. Grizzard, H. F. Sharp,* and *John I. Kelley,* for plaintiffs.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, Robert B. Troutman,* and *Robert S. Sams,* for defendants.

GILBERT, J. This is a suit by an automobile dealer in Jonesboro, Clayton County, against Harrison, Comptroller-general, and others, to enjoin the collection of a tax for carrying on such business in each of the adjoining counties. Section 2, paragraph 11, of the general tax act of 1927 (Ga. Laws, 1927, p. 61), as amended by the act of 1929 (Ga. Laws 1929, p. 76), is attacked as being unconstitutional. The act levies a tax on dealers, graduated according to population of counties, as follows: "Upon every agent of, upon every dealer in, and upon every person soliciting orders for retail sale of automobiles or trucks, not including wholesale dealers or distributors soliciting or canvassing for local dealers, the sum set out below, viz.: In each county with a population of less than 20,000, $25.00; in each county with a population of between 20,000 and 30,000, $55.00; in each county with a population of between 30,000 and 50,000, $85.00; in each county with a population between 50,000 and 75,000, $110.00; in each county with a population between 75,000 and 100,000, $165.00; in each county with a population between 100,000 and 150,000, $220.00; in each county with a population exceeding 150,000, $275.00." It is unnecessary to state other provisions of the paragraph of the act referred to. It will be seen that the amount of the tax is the same on each dealer in the respective counties. The contention is that the -amended act is in conflict with art. 7, sec. 2, par. 1, of the constitution of Georgia (Civil Code (1910), § 6553), which provides: "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the

territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

Petitioner alleges that Jonesboro is in the center of a trade territory that extends into Henry, Fulton, Fayette, and DeKalb Counties, and that "for these reasons petitioner's trade territory should properly include the portions of said counties that ordinarily and generally in the course of business use the town of Jonesboro as a trade center, and to require your petitioner to pay a license tax in each of the counties of Fayette, Henry, DeKalb, and Fulton would be discriminatory and prohibited [sic] so far as dealing in automobiles is concerned at Jonesboro, and would place it at a disadvantage under dealers of those cities and localities whose trade territory is located wholly in the confines of a single county;" that "demand has been made upon it by the taxing authorities for the payment of said taxes," and if not paid at once "said taxing authorities will proceed to enforce the collection of the same . . in a manner and form provided by the statute in cases of delinquent taxes, and your petitioner will be subjected to heavy penalties under each and all of the penalties provided by the" portions of the acts quoted hereinafter, "and will be subjected to be arrested and prosecuted under said sections, and said taxing authorities have threatened to levy upon the lawful business of your petitioner, all of which will be calculated to, and would, destroy the business of your petitioner;" that petitioner is without an adequate remedy at law; that the defense of proceedings instituted separately for the enforcement of the tax would be inconvenient, expensive, and would involve a multiplicity of suits; that it would be inequitable and unfair to subject petitioner to this expense and inconvenience; "that the construction placed upon said statute by the taxing authorities of this State is illegal, unreasonable, arbitrary, oppressive, and unwarranted; . . that the taxing authorities have threatened to institute criminal proceedings against your petitioner, which would subject it to the penalties as provided in section 6 of the general tax act of 1927, . . and in addition thereto the penalties provided by section 35 of the tax amendments . . of 1929." The prayers are that the provisions of the act quoted be declared to be unconstitutional and void; that it be adjudged that petitioner is not liable for or subject to the additional tax imposed by the provisions of the act of 1927 quoted;

that the defendants be restrained by injunction "from issuing any order or any execution against petitioner or its property, and from instituting, ordering, or directing any criminal prosecution or civil suit against petitioner, and from taking any other steps towards enforcing the collection of the tax, . . and from interfering in any way with petitioner in the lawful conduct of its business on account of its failure to pay the tax imposed." The answer of the defendants admits that "they have made demand for payment of the taxes, as required by law, and that they will enforce the collection of the same in such manner as the statutes of the State provide, and that the penalties will be imposed, as required by law, and that the taxing statutes of the State imposed upon the defendants as their duties to enforce the payment of unpaid taxes will be enforced by the defendants." Other material allegations of the petition were denied.

Section 6 of paragraph 110 of the act of 1927 (Ga. Laws 1927, p. 92) provides "that the taxes . . shall be paid in full for the fiscal year for which they are levied; and, except where otherwise provided, said taxes shall be paid to the tax-collectors of the counties where such vocations are carried on, at the time of commencing to do business." It requires registration with the ordinary, and for failure to comply with the requirements imposes the following penalty: "Any person failing to register with the ordinary, or, having registered, failing to pay the special tax as herein required, shall be guilty of a misdemeanor, and on conviction shall be fined not less than double the tax, or be imprisoned as prescribed by section 1065 of volume 2 of the Code of 1910, or both in the discretion of the court," etc. The act of 1929, section 35 (Ga. Laws 1929, p. 76), provides "that should any of the taxes herein imposed remain due and unpaid for 30 days from due date thereof, then such person, firm, or corporation shall be subject to and shall pay a penalty of (50%) fifty per cent. of the tax imposed." Section 36 contains the usual repealing clause. The tax imposed by section 2, par. 11, of the act of 1927 is not mentioned in the amending act of 1929, and is not thereby changed. After paying the tax imposed, dealers in automobiles under the statute mentioned, in any county, large or small, may sell automobiles to any person, without regard to the place of the latter's residence. That is, such a dealer in Jonesboro may in Clayton County sell to any

resident of any county in Georgia, or out of Georgia. The tax is graduated according to population, and not by the number of sales or amount of business done, provided the transactions are restricted to the county in which the tax has been imposed. If a dealer desires to do business in other counties, he becomes a competitor in such counties with dealers who have paid the tax to do business therein. In exacting such tax the General Assembly was acting within its constitutional power, and not arbitrarily.

■ Under the decisions of this court in *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 114 (25 S. E. 249, 35 L. R. A. 497) ; *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795) ; *Adams Motor Co.* v. *Cler,* 149 *Ga.* 818 (102 S. E. 440) ; *Abbott* v. *Commissioners of Fulton County,* 160 *Ga.* 657, at p. 661 (129 S. E. 38), section 2 of par. 11 of the general tax act of 1927 (Ga. Laws 1927, p. 61), as amended by the act of 1929 (Ga. Laws 1929, p. 76), is not unconstitutional or void for any of the reasons assigned, which are as follows: (a) that the portion of the act of 1929 quoted creates a penalty in addition to and different from that imposed by the act of 1927; (b) that the portions of the two acts imposing penalties are in irreconcilable conflict, and "while neither of said penalties have been repealed" they seek to impose a threefold penalty upon petitioner and to subject it to an unreasonable liability upon the violation of said acts, and, by reason of the excessive penalty, virtually to confiscate its business without due process of law; (c) that said penalties are excessive, unreasonable, and confiscatory; (d) that the classification made in paragraph 11 of section 2 of the act of 1927, of counties according to the population for taxation of automobile dealers therein, is discriminatory and unreasonable and the tax therein levied is confiscatory and prohibitive, for the reasons already stated above concerning the location of the petitioner's business with reference to that of other dealers whose business is confined to one county; that the tax amounting to $229.50 for DeKalb County is confiscatory and oppressive, because persons who would otherwise deal in automobiles are prevented from doing so in that county, and is especially unjust to dealers located in towns and cities near county lines and whose trade territories are divided by the county lines; (e) that the provision of the act of 1927 violates art. 7, section 2, par. 1, of the constitution, "for the reason that the same undertakes to charge a different tax on auto-

mobile dealers in towns [sic] of populations included between certain figures, and in this way seeks to charge a tax that is not uniform against all dealers in automobiles wherever located in any section of the State," thereby offending the due-process clause of the State and Federal constitutions and the "tax uniformity clause of the State constitution."

The case was submitted to the judge on the pleadings with other facts agreed upon between the parties, among which was the following: "that all taxes due by Brooks-Hall Motor Company of Clayton County, Georgia, had been paid; that the respective allegations of fact as set out in the plaintiff's petition had been proven, except the conclusions of fact and except that the tax was confiscatory and oppressive." The judge, after hearing, denied the interlocutory injunction, and provided for a supersedeas "if the plaintiffs shall give bond in the sum of $500, with good and sufficient security approved by the clerk of this court, to pay the tax of $275 in Fulton County, Georgia, and the penalty thereof, and the tax for DeKalb County, Georgia, and the penalty thereof." In addition to assigning error on the denial of the interlocutory injunction, other assignments of error are that the judgment is (1) "contrary to evidence and without evidence to support it;" (2) "contrary to law;" (3) "contrary to each and every contention as set out in the petition of plaintiff in error." In the first division of the opinion we have held the tax act constitutional, and the petition admits that the plaintiffs are doing business in Clayton County. Therefore the court did not err in refusing to enjoin the tax imposed upon the petitioners for doing business in that county. It does not appear from either the petition or the answer that the plaintiffs had been or were, at the time of filing the petition, carrying on their business in Fulton, DeKalb, Fayette, or Henry County. Paragraph 12 of the petition, and the answer of the defendants to that paragraph, as stated above, show what demands have been made. Under these circumstances there is nothing in the record to support that part of the judgment requiring bond to be given by the plaintiffs for the payment of the tax in Fulton and DeKalb Counties. That provision seems to have been an inadvertence, as such portion of the judgment is not supported by the record, nor is there any contention to that effect made by counsel. Therefore direction is given that the judgment be modi-

fied by striking therefrom the portion of the judgment as follows: "but if the plaintiffs shall give bond in the sum of $500, with good and sufficient security approved by the clerk of this court, to pay the tax of $275 in Fulton County, Georgia, and the penalty thereof, and the tax for DeKalb County, Georgia, and the penalty thereof, a supersedeas is hereby granted for fifteen days from this date, to permit plaintiffs to prepare and file a bill of exceptions to the Supreme Court of Georgia."

*Judgment affirmed, with direction. All the Justices concur, except*

ATKINSON and HILL, JJ., dissenting. Paragraph 11 of section 2 of the general tax act of 1927 (Ga. L. 1927, p. 61), as amended by the act of 1929 (Ga. L. 1929, p. 76), provides a State tax "upon every agent of, upon every dealer in, and upon every person soliciting orders for retail sale of automobiles or trucks, not including wholesale dealers or distributors soliciting or canvassing for local dealers," as a class. The amount of the tax is not the same throughout the State, but is graduated according to populations of the several counties. The State in its entirety is the taxing district; and the amount of the tax on each person of the class should be the same in every county of the State, in order to conform to the uniformity clause of the State constitution as set forth in article 7, section 2, paragraph 1 (Civil Code, § 6553), which declares: "All taxation shall be uniform upon the same class of subjects, and ad valorem on all. property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Upon this point the case is within the principles discussed at length in the dissenting opinion in *Wright* v. *Hirsch,* 155 *Ga.* 229, 243 (supra).