RICHMOND COUNTY *et al.* v. HARPER *et al.*

No. 16929. FEBRUARY 15, 1950.

518

*Franklin H. Pierce,* for plaintiffs in error.
*Congdon, Harper & Leonard,* contra.

WYATT, Justice. 1. The first legal question presented is whether or not the suit, *Franklin* v. *Harper,* 205 *Ga.* 779 (55 S. E. 2d, 221), was a suit against Franklin individually, or against him by virtue of his position as Chairman of the Board of Roads and Revenues, and, therefore, a suit against the county. In *Franklin* v. *Harper,* supra, this court said: "Under the provisions of the act, the Board of County Registrars, charged with enforcement of the act, are to be compensated out of county funds, and the defendant, a member of the Board of Commissioners of Roads and Revenues, by virtue of his office is charged with the duty of paying out such funds only for purposes provided by law. If a chairman of such board issues a warrant for an unlawful purpose upon which public funds are paid, he would be personally liable. . . We therefore hold that the

defendant had such an interest as would authorize him to question the validity of the Voters' Registration Act under which the plaintiffs claim they are acting and contend that the defendant is under a duty to sign warrants for their compensation fixed by virtue of said act."

The right to raise the question of the validity of the law would naturally, as to this public official, carry with it the duty to do so, if he in good faith questions the validity of the law in question, and there is no charge of bad faith here. We, having held that it was the right and, therefore, the duty of this public official to, in good faith, raise the question as to the validity of the "Voters' Registration Act," are now called upon to say that, when he does so, he must do so at his own expense, although it is the county's funds sought to be protected and not his own funds. To state the question is to answer it. Surely no court would be willing to lay down and subscribe to a rule of law so harsh and unfair on its face.

The case of *Koger* v. *Hunter*, 102 *Ga.* 76 (29 S. E. 141), cited and relied upon by the defendants in error, is a far cry on its facts from the case now under consideration. There the county commissioners sought to pay attorney's fees to an attorney employed by them to enforce the criminal laws of this State. This court properly held that could not be done. In *Ross* v. *Bibb County*, 130 *Ga.* 585 (61 S. E. 465), a "Road Board," not the county board of commissioners, sought to employ counsel at county expense to defend the "Road Board" in mandamus proceedings. This court simply held that the act creating the "Road Board" had given it no such authority. In the instant case, it is the funds of the county, placed in the county treasury by taxation, that was sought to be protected by the chairman of the county board of commissioners, whose peculiar duty as such officer is to protect and legally dispense county funds.

The Constitution, when enumerating the purposes for which counties could levy and collect taxes (art. 7, sec. 4, par. 1, Const. of Georgia, Code, Ann. § 2-5701) used the word "litigation." Certainly that language was intended to cover just such a situation as is here presented.

2. In view of the ruling made in division one of this opinion, whether or not the "Voters' Registration Act" is or is not un-

constitutional would in no way affect the question presented in the instant case. Under repeated rulings of this court, "this Court will not pass upon the constitutionality of an act of the legislature, unless it is necessary to a proper decision of the case." See *Cone* v. *State,* 184 *Ga.* 316 (191 S. E. 250), and cases there cited. We therefore make no ruling on the action of the trial court in striking, on demurrer, the amendment to the answer of the defendants in the court below, in which the constitutionality of the "Voters' Registration Act" was sought to be raised.

In view of what has been said, it was error to grant the temporary injunction.

*Judgment reversed. All the Justices concur.*