HUTCHINS *et al.* v. CANDLER, Commissioner, *et al.*

No. 17999. ARGUED OCTOBER 15, 1952—DECIDED NOVEMBER 12, 1952.

*J. Hugh Rogers* and *J. E. B. Stewart*, for plaintiffs in error.
*J. A. McCurdy* and *Thomas B. Branch Jr.*, contra.

HEAD, Justice. ■ Generally this court will not decide constitutional questions unless a decision on the constitutional question is essential to a proper determination of the cause. *Oglesby* v. *State*, 123 *Ga.* 506 (51 S. E. 505) ; *Harper* v. *Davis*, 197 *Ga.* 762, 765 (30 S. E. 2d, 481) ; *Richmond County* v. *Harper*, 206 *Ga.* 517 (57 S. E. 2d, 595). In the present case, the petitioners base their action upon the alleged invalidity of the acts of 1941 (Ga. L. 1941, p. 382) and 1951 (Ga. L. 1951, p. 85), providing for a cadastral survey in certain counties. It is contended that these acts are special laws having application only to the County

of DeKalb, and are in conflict with the constitutional provision that laws of a general nature shall have uniform operation throughout the State; and that no special law shall be enacted where provision has been made by an existing general law. Constitution, art. 1, sec. 4, par. 1 (Code, Ann., § 2-401).

In this case it is unnecessary to determine whether the acts attacked by the petitioners may be general or special laws. If the acts attacked are general laws, the petitioners have no cause for complaint. If their contention can not be sustained that these laws are special acts, in conflict with a general law, the very foundation upon which they rest their complaint would fall.

The acts of 1941 and 1951 confer upon the governing authority of those counties falling within the classification set forth in the acts the power and authority to establish, through a cadastral survey, a field-book system for real property identification and evaluation. In this case the Commissioner of Roads and Revenues is conceded to be the governing authority of DeKalb County. The acts attacked by the petitioners relate primarily to the duties and powers of the Commissioner of Roads and Revenues. If the acts of 1941 and 1951 are special laws limited in their application to the County of DeKalb only, such acts are not unconstitutional for any reason assigned by the petitioners.

The Constitution of 1945, art. 6, sec. 17, par. 1 (Code, Ann., § 2-5201), provides: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." This provision of the Constitution of 1945 was contained in the Constitution of 1877 and the Constitution of 1868.

This court, in *Churchill* v. *Walker*, 68 *Ga.* 681, 686, with reference to the power of the General Assembly under this provision of the Constitution of 1868, stated: "There is no limit on the power of the legislature to create commissioners and define their duties." In *County of Pulaski* v. *Thompson & Co.*, 83 *Ga.* 270 (9 S. E. 1065), based on the constitutional provision of 1877, this court held: "The legislature has the power to pass separate and distinct acts for any counties which require county commissioners; and it is not necessary that these acts shall be uniform in their operation in all such counties."

The Constitution of 1945 provides in art. 11, sec. 1, par. 6, (Code, Ann., § 2-7806), that whatever tribunal shall be created by the General Assembly for the transaction of county matters shall be uniform throughout the State, "except that the General Assembly may provide for Commissioners of Roads and Revenues in any county. . ."

In *Bradford* v. *Hammond,* 179 *Ga.* 40 (175 S. E. 18), this court, in construing the provision of the Constitution that laws of a general nature shall have uniform operation throughout the State, held that "to this general rule the Constitution itself made an exception as to county commissioners, which sanctions the utmost diversity consistent with the needs of the particular county that 'may require them.'" For other cases based upon the constitutional provision of 1877, which was carried forward into the Constitution of 1945, see *McRae* v. *Sears,* 183 *Ga.* 133, 137 (187 S. E. 664); *Robitzsch* v. *State,* 189 *Ga.* 637, 638 (2a) (7 S. E. 2d, 387).

In *Bowen* v. *Lewis,* 201 *Ga.* 487, 489 (40 S. E. 2d, 80), it was held that there is no general law in this State regulating the creating of county commissioners and fixing their jurisdiction, powers, and duties; but that all such acts are special laws, and that, construing together art. 1, sec. 4, par. 1 (Code, Ann., § 2-401), and art. 11, sec. 1, par. 6 (Code, Ann., § 2-7806), as they must be construed, there is no limitation or restriction upon the General Assembly in the creation of such commissioners, and in fixing their jurisdiction, powers and duties. To the same effect see *Robert* v. *Steed,* 207 *Ga.* 41, 44 (3) (60 S. E. 2d, 134).

The acts of 1941 and 1951, attacked by the petitioners, would not have been unconstitutional, illegal, and void, as contended, even had such acts named the County of DeKalb rather than fixing a classification based on population, since the purpose of such acts was to confer upon the proper governing authority of counties falling within the classification fixed additional powers and duties.

Counsel for the petitioners cite and stress *Bagwell* v. *Cash,* 207 *Ga.* 222 (60 S. E. 2d, 628). In that case legislative authority had not been conferred upon the commissioners to make the contract under attack, and the *Bagwell* case is not otherwise in point on its facts with the present case.

■ It is contended by the petitioners that the contract entered into by the commissioner of roads and revenues substitutes the information contained in the cadastral survey for the duties imposed upon the board of tax assessors to equalize valuations. This contention can not be sustained.

While the contract provides that the information contained in the survey will be made available to the board of tax assessors and to any other agency of the county, there is nothing in the contract, nor in the acts providing for the survey, which impinges upon "the duty of the board to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations as between the individual taxpayers are fairly and justly equalized." Code, § 92-6911. It is the duty of the tax assessors to fix valuations "according to the best information obtainable." § 92-6913. If the information contained in the survey made pursuant to the contract is determined by the assessors to be the best and most accurate, they are not prohibited by any law from the use of such information.

■ The petitioners' attack upon the fee of 25¢, to be collected by the clerk of the superior court and transmitted to the county treasury, for the recording of all instruments affecting the title to real estate, can not be sustained. We have held that the General Assembly could confer upon the commissioner of roads and revenues power and authority to contract for a cadastral survey. Certainly, if he may contract for such a survey under the authority of the General Assembly, the same authority may provide a method whereby revenue will be provided to pay any reasonable cost thereof.

The petitioners, however, show no right in themselves to attack this fee. They do not allege that they have been required to pay such fee, nor do they allege that they will record instruments in the office of the clerk of the superior court upon which such fee will be collected. See *Wallace* v. *City of Atlanta*, 200 *Ga.* 749 (38 S. E. 2d, 596).

The judge of the superior court properly held that the petitioners were not entitled to the relief sought, and it was not error to deny their prayers for interlocutory injunction.

*Judgment affirmed. All the Justices concur.*