23331. NASH, Tax Commissioner, et al. v. NATIONAL PREFERRED LIFE INSURANCE COMPANY.

ARGUED FEBRUARY 15, 1966—DECIDED MARCH 14, 1966—REHEARING DENIED MARCH 30, 1966.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellants.

*Edenfield, Heyman & Sizemore, Newell Edenfield, W. Dan Greer,* for appellee.

ALMAND, Justice. The National Preferred Life Insurance

Company, hereinafter referred to as the appellee, filed its petition for a declaratory judgment in the DeKalb County Superior Court against the Tax Commissioner, the Director of the Business License Department, and the Chairman and Members of the Board of Commissioners of Roads and Revenue of said county. Appellee's petition in substance alleged that in 1958 a local constitutional amendment (Ga. L. 1958, p. 582) was adopted which authorized the General Assembly to empower the Commissioners of DeKalb County to license and regulate businesses in the unincorporated areas of said county and to levy business license taxes upon such businesses. At its 1959 session, the General Assembly passed an Act (Ga. L. 1959, pp. 2658-61) authorizing the said Commissioners of DeKalb County to regulate businesses and to assess such license fees, charges and taxes on all persons, firms and corporations engaging in buiness in the unincorporated areas of DeKalb County. Thereafter and pursuant to the 1959 Act, the Board of Commissioners passed an ordinance on July 1, 1959, which imposed a schedule of license taxes upon all such businesses including insurance companies. The ordinance, as set forth in appellee's petition, called for a percentage tax upon the gross premium receipts of all persons authorized or certified as insurance agents by an insurance company or companies doing business in the State.

Appellee's petition further alleged that in 1964, the General Assembly passed a general law (Ga. L. 1964, p. 122; *Code Ann.* § 56-1310) which amended the insurance code. The first section of the 1964 Act reads as follows: "Except as otherwise provided in this section, the State of Georgia hereby pre-empts the field of imposing taxes, except taxes on real property and tangible personal property taxed ad valorem, upon life insurance companies, their agents and other representatives, including, but not limited to, excise, privilege, franchise, income, license, permit, registration and similar taxes and fees measured by premiums, income or volume of transactions, and no county or unincorporated area thereof, city, municipality, district, school district, or other political subdivision or agency of this State shall impose, levy, charge or require the same, except as herein provided in subsection (2) of this section." Subsection (2) au-

thorizes only municipalities to levy a license fee and divides all municipalities into seven population categories with fees ranging from $15 to $150 per annum depending upon which classification a municipality falls within. The 1964 Act also authorizes municipalities to impose a tax based upon gross direct premiums received by life insurance companies. No authority was given to any other type of political subdivision to tax insurance companies in this manner.

In its petition, appellee contended that the taxing officials of DeKalb County, appellants here, under the authority of the enabling Act and ordinance previously mentioned, levied for the year 1965 and threatened to levy for all subsequent years both premium taxes and license taxes against appellee and all other life insurance companies doing business within the unincorporated area of DeKalb County as well as to criminally prosecute its agents acting in violation of the ordinance. Appellee further contended that the 1964 Act pre-empted to the State all power and authority that might be given to the appellants in taxing insurance companies; that the purported levies were ultra vires, illegal, null and void; that appellants' action had jeopardized and interrupted appellee's business and harassed its officials; and that the appellee cannot determine its legal obligations without a declaration of rights by the court. Appellees' prayers were that (1) process issue, (2) a copy of the petition be served on the Attorney General, (3) appellants be temporarily restrained and enjoined from enforcing any levies or executions, (4) the court enter a declaratory judgment to the effect that the 1959 enabling Act and the ordinance passed pursuant thereto are null and void and are of no effect as to life insurance companies, the State having pre-empted for itself the exclusive right to levy such taxes and because said statute and ordinance were repealed and rendered null and void as to life insurance companies by the 1964 Act, (5) a rule nisi issue, and (6) for general relief.

Appellants filed their answer to this petition admitting the factual allegations of the petition and that a justiciable controversy exists. Appellants denied that the 1964 Act relied upon by appellee repealed the authority of DeKalb County to

levy said business license tax in addition to the legal conclusions of the appellee. Appellants attacked the constitutionality of the 1964 Act on the grounds that it violated Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908), Art. I, Sec. III, Par. II (*Code Ann.* § 2-302), and Art. VII, Sec. I, Par. I (*Code Ann.* § 2-5401) of the Georgia Constitution upon grounds stated in the answer and discussed in this opinion below. Appellants filed a motion for a summary judgment and after a hearing before the judge in the trial court, a declaratory judgment was entered in which the court ruled that, (1) the 1964 Act is not unconstitutional for any of the reasons alleged, (2) the 1964 Act repealed any right of DeKalb County to apply provisions of the license tax ordinance to insurance companies, and (3) the license tax ordinance is void and of no force as far as it concerns insurance companies.

Appellants filed their notice of appeal from this judgment and have assigned error upon it in its entirety and each specific ruling therein.

■ Appellants attacked the 1964 Act (Ga. L. 1964, p. 122; *Code Ann.* § 56-1310) as unconstitutional on several grounds in the court below and has assigned error upon the judgment overruling these contentions. In disposing of these constitutional attacks upon the 1964 Act, several applicable general principles of statutory construction should be stated. The general rules were set out in *Cooper v. Rollins*, 152 Ga. 588, 590 (110 SE 726), as follows: "Every presumption will be made in favor of the constitutionality of an Act of the legislature. Before an Act of the legislature will be declared unconstitutional, the conflict between the Act and the fundamental law must be clear and palpable. A State statute will not be set aside by the courts in a doubtful case." (Citations omitted.) See also *Barge v. Camp*, 209 Ga. 38 (75 SE2d 13) and cases there cited.

Appellants contended in the trial court that the 1964 Act violates Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908) which provides that "no law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." The title or caption of the 1964 Act reads as follows: "An Act to amend Chapter 56-13 of the

Code of Georgia, known as the Georgia Insurance Code of 1960, approved March 8, 1960 (Ga. L. 1960, p. 289) relating to fees and taxes imposed on insurance companies so as to provide a uniform policy in this State in the exercise of the powers of municipal corporations and other political subdivisions to tax life insurance companies; to provide for the deduction of such fees and taxes paid to municipal corporations from the taxes paid to the State; to repeal conflicting laws, and for other purposes."

In their answer, appellants contended that the foregoing provision of the Constitution was violated because "no reference is made in the title that the purpose of the Act is to pre-empt to the State of Georgia the field of imposing taxes upon life insurance companies." The title states that the Act is to "provide a uniform policy." There could be no such uniform policy established in this field unless total authority in this matter is pre-empted and placed into one policy making body, in this case the General Assembly of the State of Georgia. The fact that the body of the Act mentions pre-emption does not violate this constitutional prohibition because it is incidental and necessary to carry out the purpose of establishing a uniform policy. Appellants also contend that there is no reference in the title to the provision in the Act that no county or unincorporated area shall be permitted to impose, levy or charge any of the taxes and fees mentioned therein. No reference in the title need be specifically made to the fact that no county or unincorporated area thereof could impose such taxes and fees under the Act. The title sufficiently covers this provision by stating that the Act involves the "exercise of the powers of municipal corporations and *other political subdivisions*." (Emphasis ours.) This phrase is sufficient to cover both the granting and the taking of power from the various political subdivisions in the establishment of a uniform policy. Another contention is that the title does not indicate that the Act deals with business licenses issued by the county. The words "fees and taxes" as used in the title are sufficient to include those various and specific types which are set out in detail in the body of the Act including business licenses.

Appellants make the further contention that the Constitution is violated in that while the title states that the Act is to provide a uniform policy, in fact, counties are prohibited from charging such fees and taxes while municipalities are allowed to do so. In regard to the meaning of uniformity of laws in this State, this court has said that "our State Constitution only requires a law to have uniform operation; and that means that it shall apply to all persons, matters, or things which it is intended to affect. If it operates alike on all who come within the scope of its provisions, constitutional uniformity is secured. Uniformity does not mean universality." *Cooper v. Rollins*, 152 Ga. 588, 592, supra. Therefore, the fact that the Act only empowers municipal corporations to levy such taxes and fees and prohibits all other political subdivisions from doing so does not prevent there being uniformity within the meaning of that term as defined by this court. Appellants contend that the Act deals with "more than one subject matter in that it refers to 'excise, privilege, franchise, income, license, permit, registration and similar taxes and fees measured by premiums' and grants to municipal corporations certain rights while denying rights to counties." We think that these contentions fail under the reasoning previously stated in this division. As to the contention that the Act refers to more than one subject matter because it deals with the powers of both county and municipal government, it need only be said that the Act deals with the taxing of insurance company premiums and that alone is the subject matter of the Act.

"It was never intended that the substance of the entire Act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition." *Cady v. Jardine*, 185 Ga. 9, 10 (193 SE 869). The title to the 1964 Act ends in the typical phrase "and for other purposes." This court in the *Jardine* case, supra, stated the following: "It is well settled that provisions germane

to the general subject-matter embraced in the title of an Act, and which are designed to carry into effect the purposes for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words 'and for other purposes.' " We think that the 1964 Act with its title meets this constitutional test.

■ Appellants assign error on the trial court's ruling that the 1964 Act violates neither Art. I, Sec. III, Par. II (Code Ann. § 2-302) which provides in part that "no . . . law . . . making irrevocable grant of special privileges or immunities, shall be passed" nor Art. VII, Sec. I, Par. I (Code Ann. § 2-5401) which provides in part that "the right of taxation is a sovereign right—inalienable, indestructible—is the life of the State, and rightfully belongs to the people in all Republican governments, and neither the General Assembly, nor any, nor all other departments of the Government established by this Constitution, shall ever have the authority to irrevocably give, grant, limit, or restrain this right. . ." Neither of these constitutional provisions is applicable to the situation presented in this case because they contain the words "irrevocable" and "irrevocably" respectively. Webster's Third New International Dictionary defines the word "irrevocable" as "incapable of being recalled or revoked." The case here involves only statutes passed by the General Assembly which are clearly revocable at the will of the legislature. Thus these sections of the Constitution were not adopted with a case such as this in mind. In a long line of decisions, this court has consistently held that the General Assembly may classify different businesses for the purpose of taxation and may make subclassifications within one type of business. See Cutliff v. Mayor of Albany, 60 Go. 597; Weaver v. State, 89 Ga. 639, 642 (15 SE 840); Singer Mfg. Co. v. Wright, 97 Ga. 114 (25 SE 249); Adams Motor Co. v. Cler, 149 Ga. 818, 820 (102 SE 440); Williams v. State ex rel. McNulty, 150 Ga. 480, 484 (104 SE 408); Cooper v. Rollins, 152 Ga. 588 supra; Wright v. Hirsch, 155 Ga. 229 (116 SE 795); Hunter v. Wright, 169 Ga. 840 (152 SE 61); Coy v. Linder, 183 Ga. 583 (189 SE 26). These classifications were held constitutional where there was a business tax involved as opposed to a property

tax. A tax on gross insurance premiums is a business tax. *Mutual Reserve Fund Life Assn. v. City Council of Augusta*, 109 Ga. 73 (35 SE 71); *Wright v. Hirsch*, 155 Ga. 229, supra. For the foregoing reasons, we hold that the 1964 Act violates neither of the constitutional provisions set out above.

The cases of *Atlanta Nat. Bldg. &c. Assn. v. Stewart*, 109 Ga. 80 (35 SE 731) and *International Business Machines Corp. v. Evans*, 213 Ga. 333 (99 SE2d 220), which are relied on by appellants in support of their argument that there is a violation of *Code Ann.* § 2-5401 are inapplicable to this case.

■ Appellants' third assignment of error is upon the trial court's ruling that "the Act of 1964 repealed any right of DeKalb County to apply the provisions of the DeKalb County license tax ordinance to life insurance companies." The law applicable to repeal by implication is well settled in this State. While repeal by implication is not favored, a statute will be held to have repealed a prior statute where the latter is clearly inconsistent and contrary to the most recently enacted law or where the later enactment appears to cover the entire subject matter and give expression to the whole law on the subject. *Leonard v. State ex rel. Lanier*, 204 Ga. 465 (2) (50 SE2d 212); *Collier v. Mitchell*, 207 Ga. 528, 530 (63 SE2d 338). The repeal will be effective only in so far as there is inconsistency between the two statutes. *McGregor v. Clark*, 155 Ga. 377, 385 (116 SE 823); *Atlantic Log &c. Co. v. Central of Ga. R. Co.*, 171 Ga. 175 (155 SE 525) and cases there cited. Furthermore, a general statute can repeal a special law where there is inconsistency. *Pausch v. Guerrard*, 67 Ga. 319, 326; *Crovatt v. Mason*, 101 Ga. 246, 252 (28 SE 891). In the final analysis, however, the intention of the legislature will control the question as to repeal by implication. *Western & A. R. Co. v. City of Atlanta*, 113 Ga. 537, 556 (38 SE 996, 54 LRA 298); *Jones v. Stokes*, 145 Ga. 745, 749 (89 SE 1078).

The Act of 1964 clearly states that *"no county or unincorporated area thereof . . . shall impose, levy, charge or require the same [taxes and fees], except as herein provided in subsection (2) of this section."* (Emphasis ours.) This language makes it clear that the legislature intended that no county or

unincorporated area should have any power to tax insurance premiums other than that provided for under the 1964 Act which was no power at all. Any county ordinance which levies such a tax is clearly contrary and inconsistent with the 1964 general enactment upon this subject. We hold, therefore, that the license tax ordinance of DeKalb County in so far as it imposes a tax upon life insurance companies is repealed by the Act of 1964. It must be kept in mind that the 1958 local constitutional amendment only authorized the General Assembly to empower DeKalb County to enact such an ordinance and was not a self-executing amendment.

Appellants have cited several full-bench decisions of this court (*Rhodes v. Jernigan,* 155 Ga. 523 (117 SE 432); *Bradford v. Hammond,* 179 Ga. 40 (175 SE 18); *Hutchins v. Candler,* 209 Ga. 415 (73 SE2d 191), and *Wilson v. Jones,* 218 Ga. 706 (130 SE2d 227)) in which the appellants say that this court held "that the rights and powers of county commissioners are not defined by general law but by the special acts creating them and that the provisions of general laws enacted by the legislature do not apply to such offices unless made so by the special laws creating them." The principle for which appellants cite the foregoing cases is not applicable to this case because here we have a situation which only involves repeal by implication.

The *Rhodes* case did not present to the court the clear-cut case of repeal by implication that is presented here. In *Rhodes,* the court held that the general constitutional amendment enacted subsequently to the special law did not by its terms include the office of county commissioner. Thus no conflict between the two Acts existed. In the *Hutchins* case, the court said that it was unnecessary to determine whether the Acts in question were special or general laws, and there was no general law mentioned as being in conflict with the special law. In both the *Bradford* and *Wilson* cases, there were special laws enacted where a general law already existed with similar provisions. These cases thus presented the problem of whether the special law could stand in the face of the prior general law.

The foregoing decisions are in no way binding authority where in a case such as this there is a general law enacted subsequently

to the special law, and the general law repeals by implication the prior special law. The General Assembly had the right to withdraw DeKalb County's power to tax life insurance companies by the Act of 1964, and the clear intent of that Act was to do so. The instant case does not present any question of whether there has been a special law enacted where there is an existing general law.

For the foregoing reasons, the court did not err in any of the respects enumerated.

*Judgment affirmed. All the Justices concur.*