## 57775. YIELD, INC. v. CITY OF ATLANTA.

MCMURRAY, Presiding Judge.

This is a companion case to that of *Yield, Inc. v. City of Atlanta,* 152 Ga. App. 171 (1979). In the case sub

judice Yield, Inc. appeals the action of the superior court in granting a supersedeas bond pending the appeal in *Yield, Inc. v. City of Atlanta,* supra.

Error is enumerated to the condition in the bond, ". . . if the Petitioner shall reimburse the City of Atlanta for all reasonable costs incurred in defending the appeal and providing police surveillance of the premises in the event the Petitioner's Appeal is found to be without arguable merit." In the earlier case of *Yield, Inc. v. City of Atlanta,* 145 Ga. App. 172 (244 SE2d 32), which case involved the businesses known as The Blue Fox and House of Erotica, an application for a supersedeas bond was denied by the superior court, and the Court of Appeals reversed that judgment by an order only in Case No. 53692, directing the superior court to grant a supersedeas. That order was appealed by the City of Atlanta by application for certiorari to the Supreme Court to review the order of the Court of Appeals, being Case No. 32254, *City of Atlanta v. Yield, Inc.* By order the Supreme Court directed that the order of the Court of Appeals be vacated, and the matter be remanded to the superior court to grant a supersedeas "in such manner as [it] may determine to meet the ends of justice," citing Code Ann. § 6-1002 (d) (Ga. L. 1965, pp. 18, 22). In that order the Supreme Court also set forth what it considered to be reasonable and just bond, that is, "a $50,000 supersedeas bond with good and sufficient security, approved by the superior court, before the supersedeas becomes effective. The bond shall be conditioned upon appellant's reimbursement to the City of Atlanta of all necessary and reasonable costs incurred by the City in defending the appeal and providing necessary extra police surveillance of the premises in question until the issues in the main case are finally adjudicated in the event the main appeal is found to be without arguable merit." The order of the Court of Appeals was vacated, and the substance of the order and direction of the Supreme Court was made by order to the superior court.

The substance of the present supersedeas bond here complained of is the same as the above order. Regardless of what the Supreme Court may have ordered in *Brooks v. Harrison,* 171 Ga. 488, 489 (156 SE 35), with reference to

unauthorized language requiring a bond to be given "for the payment of a tax in Fulton and DeKalb Counties, as a condition of supersedeas" we are here controlled by the most recent order of the Supreme Court in a similar case with reference to the same type of businesses which have been ordered closed. Accordingly, there is no merit in the error here enumerated.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MAY 2, 1979 — DECIDED OCTOBER 17, 1979 — REHEARING DENIED NOVEMBER 2, 1979 —

*Brian Spears, Hirsch Friedman,* for appellant.
*Paul Howard, Jr., Solicitor,* for appellee.