lee.

### 77275. COLUMBUS, GEORGIA v. STANTON et al.
(375 SE2d 503)

SOGNIER, Judge.

Fourteen agents who sell insurance policies issued by the State Farm insurance companies brought suit against Columbus, Georgia, to obtain refunds of certain business license fees levied against them by Columbus, Georgia, and paid under protest. The trial court granted the agents' motion for summary judgment and Columbus, Georgia appeals.

The record reveals that there are four different State Farm insurance companies. The original company, State Farm Mutual Automobile Insurance Company, writes mainly automobile insurance and is a mutual company owned by its policyholders. The three other companies, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company, are wholly owned subsidiaries of the original company, and sell life insurance, homeowners insurance, and certain high risk coverages, respectively. Within appellant's limits, with the exception of one agent who is a salaried company employee, State Farm insurance policies are sold only through what State Farm terms "independent agents." These agents are independent in the sense that they are not salaried employees of the State Farm companies, but rather furnish and pay for their own offices and supplies and retain a percentage of the premiums on the State Farm policies they sell. However, as opposed to some other "independent agents," they sell only State Farm insurance policies.

State Farm was assessed and paid a license fee of $600 ($150 for each of the companies) for the office it operates and maintains, through its salaried employee, within appellant's limits. Those fees are not in issue here. Appellant also assessed a license fee of $600 ($150 for each insurance company whose policies were sold) upon each independent agent. The sole issue in this appeal is whether the trial court correctly decided that all license fees in excess of the first $150 for each agent were unauthorized under the applicable statutes and ordinances.

OCGA § 33-8-8 (b) (1) provides that municipal corporations may impose and collect annual license fees on "each insurance company doing business within the municipal corporate limits . . . and an additional annual license fee in the same amount for each separate business location in excess of one operated and maintained by such com-

pany within the same municipality."[1] Under the provisions of OCGA § 33-8-8 (d), "[i]nsurance agencies which are maintained and operated by a company may not be separately licensed by municipal corporations except under the provisions of this Code section; but nothing contained in this Code section shall prevent municipal corporations from separately imposing and collecting business licenses from independent insurance agencies or brokers doing an insurance business not otherwise taxed under this Code section."

Columbus Code § 19-131 provides for the levy of an annual license fee of $150 "upon each insurer doing business within Columbus, Georgia" and "[f]or each separate business location in excess of one . . . which is operating on behalf of insurers within Columbus, Georgia." The term "insurer" is defined as "a company which is authorized to transact business in any of the classes of insurance designated in O.C.G.A. [§] 33-3-5." Columbus Code § 19-133 provides for the levy of a $150 annual license fee "upon independent agencies and brokers for each separate business location [within Columbus, Georgia] from which an insurance business is conducted and which is not subject to the company license fee imposed by section 19-131."

We begin our analysis by determining whether the independent agencies involved in this appeal are "operated and maintained" by the insurer within the meaning of OCGA § 33-8-8 (b) (1), thus making them "subject to the company license fee imposed by section 19-131." If they are, then the additional fees imposed are correct, being in conformity with both the ordinance and the statute. If they are not, then we must decide whether the additional license fees may be authorized under Columbus Code § 19-133.

The record reveals that all 14 appellees submitted affidavits in support of their motion for summary judgment, each of which contained statements by an agent that he or she, as opposed to the insurer, "operates and maintains" his or her place of business. All the agents stated that they were responsible for their own office, supplies, and personnel, and were not salaried by the insurer but were compensated by earning a commission based on a percentage of the premium paid by those purchasing insurance policies. As the statements in these affidavits are uncontroverted, we cannot say the agencies were "operated and maintained" by the insurer. Although arguably the agencies could be multiple licensed under that portion of Columbus Code § 19-131 which provides that a fee may be imposed on each separate location "operating *on behalf of* insurers" (emphasis sup-

---

[1] Columbus, Georgia, a consolidated government consisting of Muscogee County and the City of Columbus, has all of the governmental and corporate powers, duties and functions formerly held by the City of Columbus, a municipal corporation. See Ga. L. (Extraordinary Session), p. 2101 et seq.

plied), the language in that ordinance does not conform to the enabling language of the statute, which provides that municipalities may impose license fees on agencies "operated and maintained" by insurers, rather than "operating on behalf of" insurers. As OCGA § 33-8-8 (a) provides that "the State of Georgia preempts the field of imposing taxes . . . upon insurance companies and their agents and other representatives . . . and no . . . municipality . . . shall impose, levy, charge, or require the same, except as provided in this chapter," any attempt by Columbus, Georgia to impose a license fee not in accordance with the Chapter is void. See *Nash v. Nat. Preferred Life Ins. Co.*, 222 Ga. 14, 21-22 (3) (148 SE2d 402) (1966). Appellant could not, therefore, impose the multiple license fees on appellees under the authority of OCGA § 33-8-8 (b).

The only other statutory provision under which authority for the assessment of multiple license fees upon each of appellees might be argued is OCGA § 33-8-8 (d), which authorizes a municipality to collect and levy license fees upon independent agencies not otherwise taxed under the Code section. However, the ordinance enacted by appellant under the authority of that statute, Columbus Code § 19-133, permits the imposition of such license fee on an agency only "for each separate business location from which an insurance business is conducted," and it is uncontroverted that each agency in the case sub judice has only one business location. We note that we need not decide whether appellees actually qualify as "independent insurance agencies" within the meaning of the statute so as to authorize the imposition of even a single license fee, since they have agreed that they do, and have paid the business license fee for an independent agency without protest.

Because the governing statute does not authorize the assessment of multiple license fees upon appellees as agencies operated and maintained by an insurer, and the applicable ordinance does not permit the levy of multiple license fees on these independent agencies, we agree with the trial court that imposition of the additional license fees on each of appellees was unauthorized under the applicable law, and consequently we affirm the judgment of the trial court.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 14, 1988.

*E. H. Polleys, Jr.*, for appellant.
*James E. Humes II*, for appellees.